Lewis v. Frankle.

---

## L. A. LEWIS, Respondent, v. S. & M. FRANKLE, Appellants.

St. Louis Court of Appeals.    Submitted on Briefs May 3, 1911.
Opinion Filed June 6, 1911.

1. **APPELLATE PRACTICE: Weight of Evidence: Conclusiveness of Trial Court's Finding.** Where there is conflict in the evidence, the determination of the question where the weight of the evidence lies is with the trial court.

2. **NEW TRIAL: Refusal to Grant: No Abuse of Discretion Shown.** In an action for a balance claimed to be due under a contract for the sale of merchandise, *held*, that, in refusing to set aside a verdict for plaintiff, rendered by the court sitting as a jury, on the ground it was against the weight of the evidence and was excessive, the court did not abuse its discretion.

3. **APPELLATE PRACTICE: Sufficiency of Assignments of Error: Exclusion of Evidence.** An assignment that the court erred in excluding "competent" testimony offered by defendants is insufficient under the rule that, to successfully assign error on the exclusion of evidence, it must appear that the evidence excluded was not only competent but relevant.

4. **TRIAL PRACTICE: Trial by Court: Reception of Evidence: Appellate Practice.** The same particularity in the admission of evidence is not required where the trial is to a court without a jury; it being presumed that the court, in the final determination of the case, considers only such evidence as is competent and relevant.

Appeal from Dunklin Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Bradley & McKay* for appellants.

(1) There was not sufficient evidence upon which to find a verdict for plaintiff and the judgment was for the wrong party. Bohle v. Merc. Co., 114 Mo. App. 439; Morris v. Kansas City, 117 Mo. App. 298; Schuette v. Transit Co., 108 Mo. App. 186; Northup v. Diggs, 115 Mo. App. 91; Gould v. Johnson, 207 Mo. 619; Weinstein v. Railroad, 128 Mo. App. 224; James v. Oliver, 129 Mo. App. 85. (2) The verdict under the evidence was too large. Morell v. Lawrence, 203 Mo. 363. Plaintiff Lewis committed error in being permitted to testify as to what the books of accounts showed from memory, when the books were in existence and could have been introduced in evidence, after proper identification. Ritchie v. Kinnie, 46 Mo. 298.

*George H. Traylor* for respondent.

(1) The testimony abundantly shows that appellant was indebted to respondent the full amount recovered, and the judgment was for the right party, and that respondent established his case by far the greater weight of substantial evidence; and where there is a conflict in the evidence the verdict will not be disturbed. Shearer v. Hill, 125 Mo. App. 375; Morris v. Williams, 131 Mo. App. 370; Lichtman v. Goodman & Co., 131 Mo. App. 65. (2) Even if the preponderance of the evidence were against respondent, the appellate

court would not be authorized to set aside a judgment on that ground; that power is lodged with the trial court alone.    Railey v. Railroad, 133 Mo. App. 473.  (3)  The court did not abuse its discretion when it refused to grant appellant a new trial.  In a law case, the appellate court does not as a rule, review the evidence further than to ascertain if there was any substantial evidence to support the finding.  Brewing Co. v. St. Louis, 209 Mo. 607.

REYNOLDS, P. J.—This is an action for a balance claimed to be due under a contract for the sale of a stock of merchandise at New Madrid, the balance claimed being $518.05, and $201 for interest accruing. The action was originally instituted in the circuit court of New Madrid county and taken on change of venue to Dunklin county, where an answer was filed denying the indebtedness and setting up a counterclaim, a general denial being filed in reply.  Trial was had before the court, a jury being waived.  No declarations of law were asked or made.  The court found for plaintiff, assessed his damages at $766, and rendered judgment accordingly.  Filing a motion for new trial, which was overruled and exceptions saved, defendants have duly perfected an appeal to this court.

Here four errors are assigned: First, the verdict is for the wrong party; second, the verdict is excessive; third, error in excluding "competent" testimony offered by defendants; fourth, the court committed error in allowing a certain witness to testify from memory as to what the books of account showed, the books themselves being present, and in permitting the books of account to be introduced in evidence when it had not been shown by the party who kept them that he had made them in the usual course of business.

Counsel for appellants, under their first assignment of error, argue that there is a substantial conflict in the evidence of plaintiff and defendants and

that the trial judge ought to have granted a new trial for that reason. It has been decided time and again in this court as well as in the Supreme Court, that where there is a conflict in the evidence the weight to be given to that evidence is with the trial court. Counsel themselves in further support of this proposition argue that the court has large discretion in granting a new trial on the ground that the verdict is against the weight of evidence, but claim that in this case there is an abuse of the discretion of the trial court in refusing to grant a new trial after he had found for plaintiff. We see nothing in this record to show any abuse of the discretion lodged in the trial court.

In support of the second assignment of error, it is urged that the granting of a new trial for the reason that the verdict was excessive is a matter within the discretion of the trial court and counsel say that the court abused his discretion in this case when he rendered a verdict for a greater sum than plaintiff asked for in his petition, and especially when plaintiff failed by a preponderance of the testimony to establish the amount for which the court gave judgment. It is not a fact that the verdict is for a greater sum than asked. We find nothing in Morrell v. Lawrence, 203 Mo. 363, 101 S. W. 571, cited by appellants' counsel, supporting the claim of counsel.

Our attention is not called to any evidence that is claimed to have been improperly excluded, as set out in the third assignment of error. Furthermore, that assignment is insufficient in itself. To successfully assign error on the exclusion of testimony, it must appear that the evidence excluded was not only competent but relevant.

It is argued in support of the fourth assignment of error that the plaintiff Lewis should not have been permitted to testify as to what his books showed concerning the account between him and defendant when it was shown by the testimony that the books were

present and could have been introduced in evidence after proper identification; and it is argued that it was also error for the court to admit the books in evidence over the objection and exception of defendants at the time, for the reason that it was not shown by the party who made the books that he made them in the usual and ordinary course of business and entered therein the items on the days and at the times the transactions were had. This assignment is not supported by the facts in the case. Moreover, the same particularity in the admission of evidence is not required as in trials before a jury. It is to be assumed that the court, learned in the law and experienced as in its administration, when it came to final determination of the case, considered only such evidence as was competent and relevant. The action of the court in admitting this testimony complained of was not even a technical error.

Complaint is made that the trial court disregarded the evidence in support of the counterclaim. We do not find anything to support this. It is true the court did not allow the counterclaim, but he heard all the evidence in support of it and found for plaintiff.

Counsel conclude with the statement that they submit that the judgment in the case ought to be set aside and a new trial granted in order that substantial justice may be done between plaintiff and defendant. On the case which they have themselves made and on the points which they have presented to us for our consideration, we find nothing to lead us to think that justice has failed. There is nothing before us in the record to show that the judgment is for the wrong party, is excessive, or that any errors to the prejudice of defendant occurred in the progress of the trial.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.*, concur.