CARL E. KIMPTON et al. v. LLOYD P. SPELLMAN, Executor, et al., Appellants.—No. 38433.—173 S. W. (2d) 886.

Division One, July 20, 1943.

Rehearing Denied, September 7, 1943.

*Bowersock, Fizzell & Rhodes* for Lloyd P. Spellman, Executor of Estate of Clarance I. Spellman, appellant.

*P. E. Reeder, George J. Winger* and *Harry G. Stocks* for Fidelity & Deposit Company of Maryland, appellant; *R. H. Musser* and *Winger, Reeder & Barker* of counsel.

676

*Cross & Cross* and *White & Hall* for respondents.

VAN OSDOL, C.—This is an appeal from a judgment for the sum of $11,126.83 entered by the Circuit Court of Clinton County upon a finding of the court, without the aid of a jury, in an action on the surety bond of Clarence I. Spellman as the trustee under the provisions of a trust declaration of one Frederick Mullett, deceased.

The trust declaration was executed April 8, 1911, and transferred and set over certain promissory notes, listed in the instrument, unto Clarence I. Spellman to "hold, and continue invested, and to re-invest the proceeds from the sale or collection of any of said notes . . . in such manner, upon such terms, and in such securities . . . as he (said trustee) in his best judgment, may consider or

678

deem for the best interest of the life-tenants and remaindermen in said property and estate. . . ." It was provided by the terms of the trust declaration that the income of the trust property should be paid to Frederick Mullett and to his wife, Jennie A. Mullett, a plaintiff herein, for their lifetime, and upon their death the principal of the property to be distributed to Frederick A. Mullett (now deceased) and Lucille A. (Spellman) Alton, a plaintiff herein, children of Frederick Mullett.

Clarence I. Spellman, as principal, and defendant, Fidelity and Deposit Company of Maryland, as surety, executed the bond, subject matter of this action, on April 19, 1911, by which they bound themselves unto Frederick Mullett, Jennie A. Mullett, Lucille A. Spellman (Alton) and Frederick A. Mullett to the payment of the sum of $11,500 the obligation to be void ". . . if the said Clarence I. Spellman, as Trustee aforesaid, shall faithfully administer said trust in accordance with the terms and conditions of said trust agreement, and shall account for, pay and deliver all money and property of the said trust estate and perform all other things touching said trust enjoined upon him in the said trust agreement . . ." Defendant Fidelity and Deposit Company of Maryland is hereinafter referred to as "Surety."

The notes transferred to the trustee, with the purported value of each note, were listed by the donor in the instrument of trust, the total listed value of the notes being $11,647.72.

Frederick Mullett died January 24, 1931. Frederick A. Mullet died September 3, 1932, leaving surviving three sons, Richard Frederick Mullett, Robert Harry Mullett and William Luke Mullett, infants, plaintiffs. Clarence I. Spellman died September 25, 1938. Defendant Lloyd P. Spellman is the executor of the will of Clarance I. Spellman, letters testamentary having been issued October 18, 1938, the date of first publication of notice of issuance of letters testamentary being October 20, 1938.

August 8, 1939, Lloyd P. Spellman, as executor, filed a suit, Spellman v. Mullett et al., No. 466259, hereinafter referred to as "Spellman case," in the Circuit Court of Jackson County, against Jennie A. Mullett, Lucille A. Alton, Richard Frederick Mullett, Robert Harry Mullett and William Luke Mullett. The petition alleged the facts of the trust relation, the deaths of Frederick Mullett, Frederick A. Mullett and Clarence I. Spellman, and prayed the court to name and appoint a successor trustee, to allow compensation for the services of Clarence L. Spellman as trustee, to determine if bonds and notes set forth in an (inventory) instrument attached to the petition were assets of the estate of Clarence I. Spellman or assets of the trust estate, to determine that Clarence I. Spellman had faithfully administered the trust, and to discharge the estate of Clarence I. Spellman from all further obligation

with reference to the trust. Jennie A. Mullett and Lucille A. Alton, defendants, answered, neither denying nor affirming that the inventory attached to the petition contained a complete list of the assets of the trust estate, and neither denying nor affirming that Clarence I. Spellman had faithfully administered the trust estate or had properly accounted for all funds and property coming into his hands as trustee, but prayed the court to determine these questions. Infant defendants, Richard Frederick Mullett, Robert Harry Mullett and William Luke Mullett, by their guardian *ad litem* denied knowledge or information sufficient upon which to form a belief of the truth of the allegations of the petition and prayed the court to require strict proof. The court found that Clarence I. Spellman, as trustee, had received under the trust declaration securities of the value of $11,647.72; appointed Carl E. Kimpton as successor trustee; found assets of the trust estate at the time of the death of Clarence I. Spellman to be as set out in the findings of the court and ordered adjudged and decreed that such assets be set over and delivered to the successor trustee; found that Clarence I. Spellman was not entitled to any fees or allowances for his services as trustee; but no specific finding or order was made discharging his estate from duties or obligations with reference to the trust, nor was any specific finding made on the questions of the faithfulness of the administration or of the true account of Spellman as trustee. The court ordered and decreed that defendants "have judgment against the plaintiff in accordance with the findings and decree herein . . . ." Assets set out in the findings as those of the trust estate at the time of the death of Clarence I. Spellman are as follows: State of San Paulo (of Republic of Brazil) Bonds, 3 bonds of 1000 guilders each, dated August 10, 1921; note of James W. and Altha L. Wilson, dated February 8, 1928, for principal amount of $2500, secured by deed of trust; note of Myrtle A. Gould, dated January 3, 1933, for principal amount of $1500, secured by deed of trust; note of Bernice Pryor, dated October 29, 1934, for principal amount of $1000, secured by deed of trust; note of Betty M. Fields, dated July 7, 1908, for principal amount of $3500, secured by deed of trust; note of Frederick Mullett and Jennie A. Mullett for $1000, dated May 8, 1909; note of Frederick Mullett and Jennie A. Mullett for $1000, dated December 21, 1909. The court made no finding of the value of these assets.

Evidence was introduced in the instant case tending to prove that the value of the assets set out in the finding and decree of the Circuit Court of Jackson County in the Spellman case at the time they were received by the successor trustee was $3240, which value was so shown particularly upon the items as follows: San Paulo bonds, $240; the Betty M. Fields note, $1000; and the two Mullett notes, $2000; there was evidence tending to show that the Wilson, Gould and Pryor notes were worthless. Of the notes and bonds

set out in the findings of the Spellman case, the two Mullett notes are the only items which were originally received by Spellman as trustee. It was shown that it was the [890] practice of Clarence I. Spellman, who was president of a corporation known as the Spellman Land and Securities Company, to acquire a tax title to real property, vest the tax title in a "strawman," to cause the "strawman" to execute a note secured by deed of trust on the property, and to dispose of the note so secured to investors. The Pryor and Gould notes are secured by deeds of trust describing unimproved lots in Kansas City. The Fields note, according to the evidence, is secured by deed of trust on the property which was owned by Spellman, being the property in which he lived. A deed executed by Spellman Land and Securities Company to James W. Wilson and Altha L. Wilson was found among the papers of Spellman after his death; this deed had never been recorded. The real property described in this deed and in the deed of trust securing the Wilson note had been possessed and used by a church organization for many years.

December 28, 1939, the law firm of McKeever, Stewart and Mc-Keever, counsel for Jennie A. Mullett and Lucille A. Alton, defendants in the Spellman case, by letter, demanded that Surety "check the matter up and make restitution and restore this impaired estate under the liability of the bond of Clarence I. Spellman," advised of the pendency of the Spellman case, and suggested that Surety assist in determining at the hearing of that cause "what is left in the Trust, if anything, and in the hands of the executor." March 26, 1942, counsel for plaintiffs in the instant case, by letter, again invited Surety to participate and assist in the trial of the Spellman case. May 6, 1942, counsel for plaintiffs herein wrote Surety of the result of the trial of the Spellman case—judgment in that case had been rendered on May 1, 1942—and made formal demand for payment; the letter is in part as follows:

"Inasmuch as the assets of the trust are now worth approximately $2,000.00, and this loss has been the result of the failure of Mr. Spellman to properly carry out the terms of his trust, rendering himself and your company liable upon the bond in the sum of $9,500.00, we are therefore, on behalf of our clients, the beneficiaries of the trust agreement, making a formal demand upon your company for the payment of this sum."

The letter was answered by Surety by its letter of May 8, 1942, as follows:

"Your letter of May 6th regarding the above matter, was duly received, and is hereby acknowledged without prejudice."

This action was commenced July 10, 1942.

It is contended by defendants (appellants) (1) that the Circuit Court of Jackson County had assumed jurisdiction of the trust estate prior to the commencement of the case at bar and so had

acquired exclusive jurisdiction of the question of whether the former trustee, Clarence I. Spellman, "was indebted" to the trust estate; (2) that the judgment in the prior suit, Spellman case, is *res judicata* on the issues presented in the case at bar; (3) that the court erred in overruling defendants' demurrers to the evidence, for the reason that the plaintiffs failed to make proof of their case by competent evidence; (4) that the court erred in the admission of evidence on the value of the San Paulo bonds, on the value of and title to real estate, of the delinquency of the taxes due thereon, and on the value of notes for the reasons that the witness who testified of these facts was not qualified, that his testimony was not the best evidence, was hearsay and his conclusions; (5) that the court erred in assessing the penalty for vexatious refusal to pay for the reasons the plaintiffs' demand was excessive, the question of law involved is one on which counsel may honestly and reasonably differ, and there is no evidence of willful refusal to pay a just claim; and (6) on the face of the record the judgment in favor of all of the plaintiffs is erroneous, urging that none but the trustee may recover the corpus of the trust property. In addition to the above, defendant, Lloyd P. Spellman, executor, contends that plaintiffs' action is barred by the provisions of Section 182, R. S. 1939, Mo. R. S. A. 182.

Of the contention of defendants (1) that exclusive jurisdiction of the issue of whether the former trustee "was indebted" to the trust estate is in the Circuit Court of Jackson County, and (2) that the judgment rendered in the Spellman case is *res judicata*.

■ Exercise of jurisdiction over trust estates, to supervise their administration and to make all orders necessary for their preservation and conservation, is inherent in courts of equity. The Circuit Court of Jackson County, as a court of equity, has jurisdiction of the general subject of trusts, and its jurisdiction over a particular trust estate may be invoked by [891] proper application and due process. State ex rel. Caulfield v. Sartorius, 344 Mo. 919, 130 S. W. (2d) 541; Riggs v. Moise, 344 Mo. 177, 128 S. W. (2d) 632; State ex rel. McManus v. Muench, 217 Mo. 124, 117 S. W. 25. It appears that the Circuit Court of Jackson County, in the Spellman case, had jurisdiction of the trust estate and of the parties.

■ The subject matter of the Spellman case (a suit in equity) was the trust relation, which is a fiduciary relation with respect to property; and the cause (or causes) of action in that case, under the pleadings, was based upon the duty of Spellman to faithfully administer the trust, and upon the duty of Spellman's executor to account for and pay and deliver over the trust property to a successor trustee. Another obligation which Spellman had undertaken is involved in the case at bar; that is to say, a bond executed by him and Surety, conditioned upon the faithful administration of the trust and upon an account, payment and delivery of all money and

property of the trust estate by Spellman as trustee. The bond was an obligation by which Spellman (and Surety) undertook to indemnify for the breach of the trust, that is, the failure of Spellman to perform his duties as trustee; the bond is the subject matter of the action (at law) herein, and the breach of the condition of the bond is the cause of action. The cause (or causes) of action in the Spellman case which arose from the trust relation is *distinct* and *different* from the cause of action herein which arose from the breach of the condition of the bond. When this distinction between the Spellman case and the case at bar is borne in mind, it seems apparent that the judgment in the Spellman case as to those facts and issues which were *not litigated and determined* are not *res judicata* of such issues herein. A former judgment is not an absolute bar to a subsequent action, if the subject matter involved in the two actions is not the same, although it may conclude the parties as to the issues *actually litigated and determined.* And not only must there be identical subject matter, but a judgment is not pleadable in bar of a second action unless the two actions are founded upon the same or substantially the same cause of action. 30 Am. Jur., Judgments, sec. 172, pp. 915-917; 34 C. J., Judgments, sec. 1231, p. 811, and sec. 1226, p. 805. The distinction in the application of estoppel by record in cases between the same parties based upon the same cause of action and those cases between the same parties which are based upon different causes of action is stated in the case of State ex rel. Gott v. Fidelity & Deposit Co. of Baltimore, Md., 317 Mo. 1078, 298 S. W. 83, ". . . there are three (in a more limited sense, two) kinds of *res judicata*: (1) a former adjudication on the same cause of action between the same parties is conclusive in the second proceeding as to every issue of fact which was or might have been litigated in the first, under what is called *estoppel by judgment*; (2) a judgment between the same parties on a different cause of action is binding as to facts actually decided, or in the absence of evidence as to the issues passed upon, is conclusive on the pleaded issues of fact, ultimate or supporting, necessarily determined in rendering the judgment, the rule being known as *estoppel by verdict* . . ."

There was no showing in the instant case that the trial court in the Spellman case heard the issues of failure to faithfully administer the trust, or the amount of redress for such a failure; the court in that case did not make a specific finding upon these issues; nor were these issues necessarily determined in rendering the judgment, inasmuch as the judgment was rendered in accordance with the findings. Moreover, could an inference be drawn that the trial court in the Spellman case passed upon the issue of the faithful administration of the trust, it could be reasoned that this issue was found adversely to the plaintiff executor, for that court did actually determine that the estate of Spellman was not entitled to compensation for Spellman's services as

trustee. The estate of Spellman was entitled to such an allowance had it appeared that there had been no breach of the trust relation. Restatement, Trusts, Vol. I, sec. 242, pp. 740-750; Cornet v. Cornet, 269 Mo. 298, 190 S. W. 333.

It is further apparent that, although the Circuit Court of Jackson County as a court of equity may have had the jurisdiction in the Spellman case—a suit in equity—to determine the issues of the administration and conservation of the trust estate, including the issue "was (Spellman) indebted" to the trust estate, the jurisdiction of that court to determine the issues of the faithful performance of the trust relation, and the amount of redress for a [892] failure of a faithful performance was not *exclusive*. The Circuit Court of Jackson County did not litigate and determine these issues. And these issues are essentially supporting of the ultimate issues in the case at bar—an action at law to recover for the breach of the bond—the jurisdiction of which action is in the Circuit Court of Clinton County.

Of the contentions of defendants (3) that the court erred in not sustaining defendants' demurrers to the evidence, and (4) that the court erred in the admission of evidence.

The verbal evidence of the alleged breach of the condition of the bond was the testimony of Carl E. Kimpton, successor trustee, a plaintiff. It was his testimony that he is a lawyer, has been "engaged in ascertaining and knowing the value of real estate and checking the records of real estate" for thirty-three years, and that it is a part of his business, training and experience to ascertain the market value of notes secured by mortgages on real estate in Kansas City. Kimpton testified that he made an investigation of the value of the assets which were declared to be a part of the trust estate by the decree in the Spellman case. Over the objection of the defendants that his testimony was hearsay, his conclusions, and not the best evidence, Kimpton testified that he had examined the records of the offices of the recorder of deeds of Jackson County and of the collectors of Jackson County and Kansas City, that the records showed that the makers of the deeds of trust securing those notes declared to be the assets of the trust estate had no title to the real property described, and that the taxes on such real property were delinquent; he also testified that he had made an effort, but had failed, to locate the makers of the notes; that he had investigated, ascertained and knew the value of the San Paulo bonds.

It is true that it may be error to permit parol evidence of the contents of records without showing a reason for failure to produce the records as may, under the law of evidence, excuse the production of them. However, the witness Kimpton was testifying as an expert on value and it was not error to admit into evidence testimony of the extent of his investigation for this showed the extent of his knowledge of the thing to be valued. In addition to the qualification of a witness

684

as an expert on value, the witness should show a *knowledge of the thing to be valued,* or of a thing of assumed substantially similar character. The sufficiency of the acquaintance of the witness with the thing to be valued should depend upon the discretion of the trial judge, and the weight thereof is for the jury. III Wigmore on Evidence, 3d Ed., sec. 720, pp. 54, 55. The testimony of Kimpton that records showed the makers of notes had no title and that taxes on the real property described in deeds of trust securing the notes were delinquent may not have been independently admissible to prove ultimate facts of title or taxes. But such testimony was relevant in the case at bar for the purpose of showing, in part, the bases of Kimpton's opinion. The judge no doubt considered this testimony in' determining the weight he, as judge and the trier of the fact, gave to Kimpton's opinion. Some of the testimony of Kimpton may not have been admissible under the rules of exclusion of the law of evidence, and might have been prejudicially erroneous had the issues of fact been tried by a jury unless limited in its application by instruction; but we may assume that the trial court considered the testimony of Kimpton only as it tended to prove that upon which it was relevant and admissible and disregarded such of his testimony as had no evidentiary value. Security State Bank v. Dent County, 345 Mo. 1050, 137 S. W. (2d) 960; Powers & Boyd Cornice and Roofing Co. v. Muir, 146 Mo. App. 36, 123 S. W. 490; Lewis v. Frankle, 158 Mo. App. 262, 138 S. W. 64; Moffitt v. Hereford, 132 Mo. 514, 34 S. W. 252.

The trial court acted within its sound discretion in permitting the witness Kimpton to give his opinion of the value of the assets in his hands as successor trustee. His opinion was sufficient evidence upon which the trier of the fact could fix such value.

Under the law, in the making of investments, a trustee is required to exercise "such care and diligence as men of ordinary prudence, intelligence and discretion would employ, not with a view to speculation, but rather with a view to the permanency of the investment, considering both the probable income and the probable safety of the capital invested." St. Louis Union Trust Co. v. Toberman, 235 Mo. App. 559, 140 S. W. (2d) 68. See also Rand v. McKittrick, 346 Mo. 466, 142 S. W. (2d) 29; Cornet v. Cornet, supra; Restatement, Trusts, Vol. I, sec. 227, p. 645. Spellman, by subterfuge it appears, lent money unto himself, and he made other loans of the trust funds upon such security as to justify the finding that he had not faithfully administered the trust.

The Circuit Court of Jackson County in the Spellman case found that there was "set over, transferred and delivered to said Clarence T. Spellman, as trustee, personal property and securities of the value of $11,647.72 . . . ." This finding of the value of the securities which Spellman had received as trustee may be

considered in the case at bar as at least prima facie evidence of such value. Jones on Evidence (Civil Cases), 3d Ed., sec. 591, p. 920; Home Ins. Co. of New York v. Savage, 231 Mo. App. 569, 103 S. W. (2d) 900; Calhoun v. Gray, 150 Mo. App. 591, 131 S. W. 478. The showing of the value of the trust estate at its inception and at the time the trust property was delivered to the successor trustee, and the showing of the breach of the trust relation is sufficient to sustain the finding herein in the sum of $8407.72. It is urged by defendants that ''The trust instrument under which Spellman acted gave to him as trustee the power and authority under certain circumstances to use the corpus of the trust for the benefit of the settlor and his wife. For all the evidence shows, any diminution of the corpus of the estate might have been caused by the use thereof for the purpose of maintaining the settlor and his wife.'' This is true; but, had that use been made of the corpus of the trust, it was incumbent upon defendants, after the showing of the plaintiffs as above noted, to have introduced evidence tending to prove such use. We rule that the trial court did not err in overruling defendants' demurrers to the evidence.

■ Of the contention that the trial court · erred in assessing the penalty and attorney fee for vexatious delay.

December 28, 1939, Surety was advised of the pendency of the Spellman case and of the claim of a liability on the bond; and a demand was made for the restitution and restoration of the trust estate. Thereafter, in late March 1942, Surety was again advised of the claim of liability and again an invitation was extended to Surety to assist in the trial of the Spellman case. So far as the evidence shows Surety in nowise participated in any effort to determine if there was liability. But, as we have seen, the trial court in the Spellman case made no express finding upon the issues of a breach of trust, nor did it make any finding of the value of the assets of the trust estate.

The gist and meaning of the statute (Section 6040, R. S. 1939, Mo. R. S. A., sec. 6040) is that when an insurance company has, without reasonable or probable cause or excuse, obstructed a beneficiary by refusing to pay his loss under its policy, he may be allowed in his suit thereon the penalties prescribed. State ex rel. Gott v. Fidelity & Deposit Company of Baltimore, Md., supra. But the mere presence of a real legal question will not of itself exculpate the defendant insurer from a charge of willful obstruction if there is evidence that its attitude was vexatious and recalcitrant. Lemay Ferry Bank v. New Amsterdam Casualty Co., 347 Mo. 793, 149 S. W. (2d) 328, and cases therein cited.

In the instant case the effect of the judgment in the Spellman case upon the issues of breach of trust and the amount of redress for the breach as the same bore upon, or sustained, or suported the

ultimate issues herein—the breach of the bond and the amount of recovery therefor—was the legal question in dispute. The question of whether the judgment in the Spellman case was *res judicata* is a question upon which lawyers might honestly and reasonably differ. Upon the question of the amount of liability—it was shown that plaintiffs, May 6, 1942, demanded of Surety an amount of $1092.28 in excess of that found to be the amount of Surety's liability. Until May 1, 1942, the date of the judgment in the Spellman case, none of the parties definitely knew what property was included in the assets of the trust estate, and the value of such assets was left undetermined by that judgment. We believe the failure or refusal to pay in the case at bar for the period until this action was commenced, July 10, 1942, was not without reasonable or probable cause or excuse, and we hold that the evidence was insufficient for a submission of the question of vexatious delay to the trier of the fact.

Of the contention of defendants (6) that a judgment in favor of all of the plaintiffs is erroneous for the reason, defendants urge, none but the trustee has [894] the right to recover the corpus of the trust estate. This contention should have been urged by demurrer. Sections 922 and 926, R. S. 1939, Mo. R. S. A., 922, 926.

Of the contention of defendant, Lloyd P. Spellman, executor, that plaintiffs' action is barred by Section 182, supra.

As hereinbefore stated, this action was commenced July 10, 1940—over one year after the date (October 20, 1938) of the first publication of the notice of the issuance of letters testamentary unto Lloyd P. Spellman, executor. The defendant Spellman, executor, contending that this action is barred by the limitation provided in Section 182, supra, further urges that the disability exception provided in the section "saving to infants . . ., one year after the removal of their disability" has no application here because the infant plaintiffs, Richard Frederick Mullett, Robert Harry Mullett and William Luke Mullett are not obligees in the bond, are not entitled to maintain an action on the bond, and have been misjoined as parties plaintiff; that plaintiffs, Jennie A. Mullett and Lucille A. (Spellman) Alton, surviving obligees in the bond, are the only proper plaintiffs, since at common law joint obligees must sue jointly and in the event of the death of a joint obligee the cause survives in the surviving obligees only; and that Sections 3340 and 3341, R. S. 1939, Mo. R. S. A. 3340, 3341, did not modify the common law rule of survivorship of a cause of action (upon a joint contract) in the surviving obligee or obligees. See State ex rel. Elmer v. Hughes, 347 Mo. 237, 146 S. W. (2d) 889, and cases therein considered for the decision of a related question.

It is the position of plaintiffs, respondents, that this action is based upon a liability which was contingent until the decision of the Spellman case, and that the limitation provided in Section 182, supra, is not

applicable to contingent claims. We hold that plaintiffs' position is well taken.

The breach (or breaches) of trust obviously occurred prior to the death of Spellman, trustee; but upon the death of the trustee it was the duty of his personal representative to set over and deliver the trust assets to a successor trustee. This the executor, Spellman, did upon the ascertaining of the assets by the decision of the Spellman case. Under the facts of the instant case, a *liability on the bond* was not and could not be with certainty determined until the decision of the Spellman case, for until then the assets of the trust estate were not ascertained. Until the assets of the trust estate were ascertained it could not be certain that the trust estate had suffered a diminution as a result of the breach of the trust relation. In Missouri the decisions, applicable to claims against the estates of decedents, hold that the requirement of the statute that demands shall be exhibited (in one year) does not apply while such claim is contingent. A claim is contingent so long as liability depends upon some future event, which may or may not happen, and therefore makes it now uncertain whether there will ever be a liability. See In re Estate of Howard v. Howe, 344 Mo. 1245, 131 S. W. (2d) 517.

Since it is held that action is not barred by the provisions of Section 182, supra, it is not necessary to consider the contention of defendant executor that the infant plaintiffs were improperly joined as parties plaintiff.

The sums of $840.77 penalty and $1500 attorney fee, found by the trial court against Surety, which sums were included in the judgment rendered, should be stricken from the finding, and the cause remanded with directions to enter judgment for plaintiffs, respondents, against all defendants, appellants, in the sum of $8786.06 ($8407.72 debt, $378.34 interest, found by the trial court) as of January 4, 1943, the date of the original judgment, with interest from that date at the rate of six percent per annum.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion of VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.