In re RE–BO MFG. CO., Inc.

No. 86906.

United States District Court
S. D. New York.
May 20, 1950.

Menin & Herzog, New York City, for debtor.

Edward F. X. Ryan, New York City, for petitioners.

IRVING R. KAUFMAN, District Judge.

Petitioners, J. B. Belcher & Sons, Inc., Ronceverte Lumber Co., Inc., Holston River Lumber Co., Inc., and Ferebee-Johnson Co., Inc., seek to review four orders of the Referee in Bankruptcy, dated April 18, 1950, declaring null and void liens against the debtor's property obtained within four months of the filing of the petition under Chapter XI of the Bankruptcy Act, 11 U.S. C.A. § 701 et seq.

The petition under Chapter XI was filed in this district on February 14, 1950. On January 25, 1950 and January 31, 1950 in four separate actions brought in Virginia to recover moneys due for goods sold and delivered, the petitioners caused warrants of attachment to be issued out of the Circuit Court of Bedford County, Virginia, and caused the sheriff of said county to levy against the property of the debtor, situated at debtor's plant in Virginia. Thereafter, the debtor commenced four proceedings before the Referee to vacate the attachment

390

pursuant to section 67, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. a. The issues raised by the answers to the petitions came on to be heard before the Referee on April 10 and April 11, 1950, and upon consent all petitions were heard together. The answers to the petitions to vacate the attachments admitted that the liens were obtained within four months of the filing of the petition under Chapter XI. The sole remaining issue was the insolvency on the date the liens were obtained.

After a hearing before the Referee he found that on January 25, 1950 the debtor's unsecured liabilities were $31,841.29 and that the fair value of its assets on that date was $22,032.60 and that as a matter of law the debtor was insolvent.

The petitioners on review contend that the testimony offered by the debtor to prove its insolvency was incompetent as a matter of law and as a result the debtor did not sustain its burden of proof.

The petitioners further contend that the Referee erred in refusing to permit sufficient time to introduce evidence as to the real value of the debtor's assets.

The two witnesses presented by the debtor for the purpose of establishing its insolvency on January 25, 1950 were John Forbes, who had been in the machinery business since 1907, and James R. Katzman, the president of the debtor corporation. Forbes was used by the debtor to establish the fair market value required by Section 1(19) of the Bankruptcy Act, 11 U.S.C.A. § 1(19), of the debtor's machinery and equipment. Katzman was used to establish the fair value of the debtor's remaining assets, such as raw material consisting of steel and lumber, parts, finished and unfinished products, the debtor's accounts receivable and cash on hand.

■ With respect to the objection raised concerning the competency of the testimony of James R. Katzman, this Court can find no substance. The owner of an article being valued should certainly be allowed to estimate its worth; he is as competent to testify and perhaps more qualified to give value than one not as familiar with the article; the weight of his testimony, of course, is left to the Referee and the Court.

It follows, therefore, that the president of the debtor corportion who has complete knowledge of the particular items should be allowed to estimate their worth. 3 Wigmore on Evidence, Section 716; Caten v. Salt City Movers & Storage Co., 2 Cir., 1945, 149 F.2d 428; Barrett v. Fournial, 2 Cir., 1927, 21 F.2d 298.

■ The Referee found Katzman's testimony to be credible, and being mindful of General Order 47, 11 U.S.C.A. following section 53, this Court should not interfere with the trier of facts who has had the opportunity to weigh the evidence in the light of his reaction to the performance of the living witness who appeared before him. The District Judge in reviewing the acts of the Referee should not substitute his own judgment for that of the Referee who heard the evidence unless his conclusions are clearly erroneous, or his findings are based on incompetent testimony; in those instances there will be no hesitancy in reversing him.

The Referee accepted Katzman's testimony, which was competent, respecting the fair market value of the debtor's remaining assets. This Court sees no reason to disturb so much of the Referee's findings as are based on Katzman's testimony.

However, with respect to the testimony of Forbes, the question is squarely presented as to whether he was competent to testify respecting the fair market value of certain machinery and equipment listed on debtor's Exhibit 3. This Exhibit consisted of approximately two pages and contained a list of machinery and equipment in the debtor's plant. This list was handed to the witness Forbes by Katzman who testified that the list contained all of the machinery and equipment in the debtor's plant. The list contained a description of the particular machines and equipment. In most cases there was an identifying serial number alongside. There were many instances where no such identifications appeared next to the particular item.

Forbes placed his valuations of the machinery and equipment in the left-hand corner of debtor's Exhibit 3 and gave a total value to this machinery and equipment of $5,355.

The petitioners on this application contend that these same items had been valued by the debtor at $22,177.16 and that most of them had been purchased as used machinery and equipment. Forbes admitted that he did not inspect the machinery or the equipment but merely looked at the list and testified as to the value of the items listed thereon. He was only acquainted with the manufacture and approximate age of the items—he could not state their age with more certainty than within a range of two or three years. There were several items of which Forbes did not know the make, age or condition and despite this a value was placed on them by him.

■ The qualifications of a witness testifying as to value should meet the following test:

(1) Has he sufficient experience;

(2) Has he sufficient knowledge of the standard of value;

(3) Has he knowledge of the specific objects being valued.

The witness Forbes has met, in the opinion of this Court, the test with respect to the first two standards but fails completely with respect to the third. It is difficult to understand how the witness could value these machines and equipment without having some knowledge of the particular machinery and equipment. While it is true that the sufficiency of the witness' acquaintance with the thing being valued depends upon the discretion of the Trial Judge, or as in this case, the Referee, yet the witness must have some acquaintance with the particular item so that he can form some estimate of its value. Kimpton v. Spellman, 1943, 351 Mo. 674, 173 S.W.2d 886. The weight to be attached to the estimate is for the Referee and ultimately the Judge. Here, however, the witness admitted that he did not know the age or condition of the machines or the equipment.

■ I don't believe, therefore, that the witness had sufficient knowledge of the requisite facts upon which to base an opinion. In some instances a hypothetical question has been resorted to in order to direct the witness' attention to the particular items upon which he is placing a valuation but in the hypothetical question all of the specifications and other particulars must be included. See Barrett v. Fournial, supra. This was likewise absent before the Referee.

It becomes readily apparent that if the version of the fair market value of the machinery and equipment, urged by the petitioners on this application is adopted, then the debtor would not have been insolvent at the time when the lien was obtained, and hence the liens would not be invalid.

■ Therefore, the petitions for review before this Court are granted to the extent of recommitting the proceedings to invalidate the four liens in question to the Referee only for the purpose of taking such testimony as may be competent upon the fair market values of the machinery and equipment contained in debtor's Exhibit 3 in accordance with the foregoing opinion. This Court being of the opinion that the witness Katzman established the fair market value of the debtor's remaining assets, no further testimony will be necessary upon that phase of the case.

In view of the fact that the matter is being recommitted to the Referee for the purpose indicated, the petitioners on review may introduce such evidence as will have a bearing upon the fair market value of the machinery and equipment only. The reason for this limitation is apparent from the record. The petitions to set aside the liens were first returnable before the Referee on March 14, 1950. The hearing on the petitions was adjourned to March 30th, and then further adjourned to April 10th, which date was agreed upon by counsel for the petitioners on review. It appears from the record that no further application for adjournment was made on April 10, 1950. The case proceeded to hearing on April 10th and April 11th. Nothing appears in the record to indicate that any request was made for time to produce additional wit-

392

nesses. Therefore, the hearing before the Referee is considered closed for all purposes, with the exception of the limited purpose indicated above.

Settle order in accordance with this opinion.