**MIAMI NATIONAL BANK, Appellant,**

v.

**Manelous STAVROS, Trustee in Bankruptcy for Pan American Distributing Corp., Bankrupt, Appellee.**

**No. 23846.**

United States Court of Appeals
Fifth Circuit.

June 15, 1967.

Howard R. Hirsch, Miami, Fla., for appellant.

James L. Armstrong, III, Louis M. Jepeway, Smathers & Thompson, Jepeway & Gassen, Miami, Fla., for appellee.

Before GEWIN and AINSWORTH, Circuit Judges, and LYNNE, District Judge.

PER CURIAM:

Appellant, Miami National Bank, filed its petition for adjudication of

validity and priority of its claim of lien in the bankruptcy of Pan American Distributing Corporation. The bank alleged that it held the bankrupt's note for $300,000 secured by nonnegotiable warehouse receipts covering merchandise of the bankrupt stored in field warehouses of Lawrence Warehouse Company established in Miami, Florida, and Atlanta, Georgia.

The Referee held several hearings after which he found that the bank had a first and best lien on the merchandise of the bankrupt in the custody of the warehouse company at both the Miami and Atlanta field warehouses.

The Trustee petitioned for review, and the district court agreed with the Referee's findings as to the merchandise in the field warehouse at Miami but not as to the one at Atlanta, the court holding "that there is insufficient evidence in the record to date to establish the fact of creation and maintenance of the field warehouse in Atlanta, and to that extent, * * * said Order is in error." The case was remanded to the Referee "for the purpose of taking of further testimony and evidence in respect of the establishment and maintenance of the Atlanta warehouse."

The Referee held a hearing and entered a new order denying the amount, validity and priority of the bank's lien on the merchandise of the bankrupt in its Atlanta place of business but without a finding—as specifically directed by the district judge when the case was remanded—as to the establishment and maintenance of the Atlanta warehouse.

The bank petitioned for review, upon which the district court entered a new order in which it found "from the additional evidence adduced before the Referee on the previous remand of this cause, that the field warehouse in Atlanta was actually and physically created and maintained." However, the court again remanded the case to a new Referee "for the purpose of taking further testimony and evidence in respect of the source of the merchandise stored in said Atlanta warehouse, the agreement between the bankrupt and the petitioner bank for the pledge of said merchandise, the consideration for such pledge and the amount of such merchandise placed in said warehouse and pledged to said petitioner." The bank has appealed from the last order of the district court, contending that since the court's second order on review specifically found "that the field warehouse in Atlanta was actually and physically created and maintained" and this was the subject of the court's first order on review remanding the cause to the Referee for further proceedings, the litigation should be considered concluded, and the second remand was, therefore, beyond the power of the court.

We are unable to agree with appellant nor do we feel that the authorities cited by it are in point. This is a matter involving the exercise of a reasonable discretion by the district judge in supervising the administration of a bankrupt by his Referees. We find no impropriety or abuse of discretion in the court's order that suitable inquiry be made into the facts involving the pledge of the merchandise in the Atlanta field warehouse, and though the court has now found that such a field warehouse in Atlanta was actually and physically created and maintained, the additional facts on which the court has ordered the taking of evidence are pertinent and germane to the issue and were not foreclosed by anything said in the court's order of remand. The Bankruptcy Act authorizes the court to confirm, modify or reverse findings of a Referee, 11 U.S.C.A. § 11, sub. a(10), and under Bankruptcy General Order 47, the judge may adopt, modify, or reject the Referee's report in whole or in part or may request further evidence. Cf. In re Hall, D.C.Ky., 1965, 248 F.Supp. 124; In re Terrace Superette, Inc., D.C. Wis., 1964, 229 F.Supp. 371.

Affirmed.