In the Matter of Jerry WOLMAN and Anne Wolman, Debtors.

Jerry WOLMAN and Anne Wolman, Appellees,

v.

A. I. C. FINANCIAL CORPORATION, Appellant.

No. 71-1710.

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1972.

Decided April 7, 1972.

Gerald J. Tucker, New York City (Bruce N. Goldberg, Washington, D. C., on brief), for appellant.

Charles M. Tatelbaum, Baltimore, Md. (Gary Goldstein and Schimmel & Tatelbaum, P. A., Baltimore, Md., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and BRYAN and FIELD, Circuit Judges.

PER CURIAM:

Upon this appeal the appellant challenges the action of the District Judge in remanding this bankruptcy proceeding to the Referee.

The debtors filed their petition for an Arrangement under Chapter XI of the Bankruptcy Act on December 13, 1967. Two days prior thereto, on December 11, 1967, appellant had obtained a lien by writ of foreign attachment upon certain property of the debtors, and thereafter the debtors filed an application to have the lien declared null and void upon the ground that it had been obtained within four months prior to the filing of the petition and at a time when the debtors were insolvent. The Referee took evidence upon the question of insolvency and thereafter entered an order declaring appellant's lien null and void under Section 67(a) (1) of the Bankruptcy Act, 11 U.S.C.A. § 107(a) (1).

The matter was certified to the District Court upon appellant's petition for review. The District Court conducted a hearing and entered a memorandum order finding that the determination of the Referee that the debtors were insolvent on the critical date was not supported by substantial evidence in the record. The Court made the observa-

tion, however, that "the interests of the creditors of the Wolmans [Debtors] require in the view of this Court that any determination with regard to the insolvency * * * be made after a full and fair presentation of the relevant and material evidence to the Referee." The order then provided that the matter be remanded to the Referee for the purpose of developing further evidence relative to the issue of insolvency.

The appellant contends that the District Court should have confined its order and disposition of this controversy to its initial finding that the conclusion of the Referee was not supported by substantial evidence in the record, and that the Court erred in its remand to the Referee. Upon review of the record, we conclude that the action of the District Judge in ordering the remand was a permissible exercise of his discretion under both Section 2(a) (10) of the Bankruptcy Act, 11 U.S.C.A. § 11(a) (10) and General Order 47. See Miami National Bank v. Stavros, 378 F.2d 939 (5 Cir. 1967); In re Re-Bo Mfg. Co., 90 F.Supp. 388 (S.D.N.Y.1950).

The order of the District Court is Affirmed.