Mary McGill SHEPARD, Appellant,

v.

Philip L. McGILL, Respondent.

No. 59178.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 14, 1991.

Albert M. Spradling, II, Cape Girardeau, for appellant.

Walter S. Drusch, Jr., Cape Girardeau, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Mary McGill Shepard, appeals the September 20, 1990, judgment of the Circuit Court of Cape Girardeau County finding in ·favor of respondent, Philip McGill, in this suit for breach of contract to pay maintenance. We affirm the judgment of the circuit court.

Appellant and respondent were granted a dissolution of marriage on July 19, 1982. On that same day, the parties entered into a property settlement agreement. Pursuant to the terms of the agreement, this document was not incorporated into the decree of dissolution.

Paragraphs 2 and 3 of the agreement provided:

2. As and for contractual and not decretal maintenance for Wife, Husband agrees to pay over to her the sum of Seven Hundred Dollars ($700.00) per month for a period of ten (10) years and one (1) month from and after the dissolution of the marriage of these parties. However, if such occurs earlier, said payments shall terminate on the death of either Husband or Wife. Further, it is agreed that said sum may not be hereinafter modified even though Wife should remarry.

3. In addition to the sums otherwise specified above, Husband agrees to pay over to Wife the sum of $700.00 per month until she obtains or is capable of obtaining fulltime work or at such time as she remarries or cohabitates or Hus-

band or Wife die. It is acknowledged that at this time that Wife, because of a condition originating with a bile duct and gall bladder problem, is unable to work fulltime and her ability to work fulltime shall be attained when she can without unreasonable physical difficulty maintain fulltime employment.

Wife obtained full-time employment some time before June 1986. In June of 1986, appellant remarried. Following appellant's remarriage, respondent stopped paying her any maintenance.

On December 17, 1986, respondent and his new wife[1] filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri. Appellant was listed on respondent's voluntary bankruptcy petition as a creditor.

On March 11, 1987, appellant filed a "complaint to determine dischargeability of debts" in the bankruptcy court requesting that the maintenance provisions of the property settlement agreement be declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(5). A hearing was held on this complaint on April 21, 1987, and the plaintiff submitted a "memorandum in support of non-dischargeability of contractual maintenance" on April 27, 1987.[2]

On May 20, 1987, the United States Bankruptcy Court found that the contractual maintenance provisions of the property settlement agreement were non-dischargeable. The court also attached a memorandum opinion to its order expressing the reasons for its holding. Included in this memorandum opinion was the following:

The contractual maintenance provisions of the Property Settlement Agreement contain ambigous (sic) language concerning the amount of maintenance agreed upon. Paragraphs 2 and 3 of the Agreement both refer to a sum of $700.00 per month, but condition this sum upon differing and conflicting limitations. Paragraph 3 of the Agreement begins with the phrase "[i]n addition to the sums

---

1. The record does not reveal when respondent remarried.

2. This memorandum has not been included in the record before this court.

otherwise specified above", and is thus subject to an interpretation that two $700.00 monthly maintenance payments were intended. Because the documents filed by the Plaintiff indicate that only one $700.00 payment was contemplated by the parties, the Court adopts this agreed upon interpretation.

Neither party pursued an appeal or any other form of post-judgment relief from this order.

On January 19, 1989, appellant filed a petition in the Circuit Court of Cape Girardeau County claiming that the property settlement agreement had contemplated two $700.00 payments, that only one of these $700.00 obligations was terminated by appellant's remarriage, that respondent had ceased making any payments since appellant's remarriage and that the respondent was, therefore, in breach of the property settlement agreement. Respondent answered alleging, inter alia, that res judicata barred the appellant from claiming that her remarriage did not terminate his obligation to pay all maintenance.

The case was submitted to the trial court on a joint stipulation of facts and included certain responses to appellant's request for admissions. On September 20, 1990, the court issued its order in favor of respondent and this appeal followed.

Appellant claims that res judicata has no application in this case. We review the decision of the circuit court pursuant to the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment will be sustained unless it is against the weight of the evidence, is not supported by substantial evidence, or erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32.

The term "res judicata" is often used with little discrimination, intending different meanings in different situations. *Drennen v. Wren*, 416 S.W.2d 229, 233 (Mo.App., Spld.Ct.App.1967). "Res judicata" is usually understood to mean the doctrine of "claim preclusion." *Eugene Alper Construction Co., Inc. v. Joe Garavelli's of West Port, Inc.*, 655 S.W.2d 132, 136 (Mo.App., E.D.1983). The term "collateral

estoppel," which has been referred to as a "cousin of the res judicata generic tribe," *Drennen*, 416 S.W.2d at 233–34, or a "form of res judicata," *Consumers Oil Co. v. Spiking*, 717 S.W.2d 245, 248 n. 6 (Mo. App., W.D.1986), refers to "issue preclusion." Collateral estoppel is also referred to as estoppel by the verdict. *Peoples–Home Life Ins. Co. v. Haake*, 604 S.W.2d 1, 7 (Mo.App., W.D.1980).

■ The doctrine of claim preclusion has no application in the case at hand. A necessary requisite of claim preclusion is "identity of the cause of action," *Eugene Alper Const.*, 655 S.W.2d at 136. In the action below, the appellant sought damages for breach of contract to pay contractual maintenance. In the bankruptcy court, the appellant merely asked for a declaration that the maintenance provisions in the separation agreement were non-dischargeable. Accordingly, the causes of action are not "the same or substantially the same." *Kimpton v. Spellman*, 351 Mo. 674, 173 S.W.2d 886, 891 (1943).

■ The recognition that claim preclusion does not apply in the present case does not bring to an end our analysis of the matter at hand, however. The fact that two causes of action differ has no effect on the applicability of collateral estoppel. *Consumers Oil Co.*, 717 S.W.2d at 249. Collateral estoppel applies if four conditions are met: 1) The issue decided in the prior adjudication is identical to the issue in the present action; 2) the prior adjudication resulted in a judgment on the merits; 3) the party against whom collateral estoppel is asserted was a party or was in privity with a party in the prior adjudication; and 4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior adjudication. *Snyder v. Snyder*, 788 S.W.2d 339, 340 (Mo.App., E.D.1990).

Appellant concedes the presence of the second and third prongs of this test but argues that the first and fourth requirements have not been met. We disagree.

■ In deciding whether the provisions of the separation agreement were dis-

chargeable under 11 U.S.C. § 523(a)(5), it was incumbent upon the bankruptcy court to determine the nature of the money transferred under the terms of the agreement. Debts may only be discharged under 11 U.S.C. § 523(a)(5) if they were "alimony to, maintenance for, or support of" a spouse or child. If the bankruptcy court found that paragraphs 2 and 3 of the parties' agreement amounted to a property settlement and not maintenance, 11 U.S.C. § 523(a)(5) would, therefore, not apply and the debt would be dischargeable in bankruptcy. *In re Barnett*, 62 B.R. 661, 663 (Bkr.E.D.Mo.1986). The bankruptcy court found that the clauses contained in the agreement relating to the $700.00 were ambiguous and expressly adopted the "agreed upon interpretation" that only one $700.00 payment had been contemplated by the parties when the agreement was drafted. In finding that this payment was maintenance, the court noted that the payments were to "be made monthly over a ten year period, and are made terminable upon death, remarriage or cohabitation." These facts, being supporting facts actually decided and necessarily determined in rendering the judgment of the bankruptcy court, are binding upon the appellant and the appellant is estopped from re-litigating these facts. *Hauber v. Halls Levee Dist.*, 497 S.W.2d 175, 177 (Mo.1973). The trial court did not err in finding that the first prong of the test applied.

As to the fourth requirement for the application of collateral estoppel, there is no evidence that the appellant did not have a "full and fair opportunity to litigate the issue in the prior adjudication." The memorandum opinion of the bankruptcy court indicates that a hearing was held and that the appellant had an opportunity to file some form of memorandum before the bankruptcy court. Appellant's argument relating to this requirement of collateral estoppel amounts to nothing more than a denial that an opportunity to litigate was presented. There is no evidence to support such a claim. Point denied.

Appellant claims that the respondent failed to plead "collateral estoppel," and that the trial court could not consider collateral estoppel as a defense. We have reviewed the answer of the respondent and, although respondent labeled his chosen defense as "res judicata," the facts set forth in his answer clearly presented a defense of collateral estoppel. As noted above, res judicata and collateral estoppel are very closely related and have often been confused. As the facts in respondent's answer clearly set forth a defense of collateral estoppel, the trial court did not err in considering this defense even though it was mislabeled. The decision of the trial court is affirmed.

CRIST and AHRENS, JJ., concur.