THE STATE *ex rel.* WATERS, *Collector, Plaintiff in Error,* v. HUNTER.

1. **Tax Suit:** JUDGMENT OF CIRCUIT COURT. A judgment of a circuit court, rendered in a tax suit, is conclusive that the assessment, on which the taxes named in the judgment were based, was regular.

2. ———: JUDGMENT. A judgment in a back tax suit may properly refer for particulars to other parts of the record proper.

3. ———: ———. A judgment in a back tax suit which specifies the amount of taxes, interest and other charges due upon each piece of land described therein, describes each tract in a sufficient manner and in which the amount of taxes found due is declared "a special lien and judgment against said tracts of land respectively as hereinbefore described" is sufficient.

4. **Judgment:** PRACTICE. A judgment, rendered by a court having complete jurisdiction of the cause, the defendant having been personally served, which is irregular, and liable on that account to be vacated by a timely motion, is not necessarily void.

5. ———: ———. The ruling of a court on a motion to quash an execution cannot be regarded as an adjudication of a motion to set aside the judgment upon which the execution was issued, although one of the grounds of the former motion was that the judgment was void.

*Error to New Madrid Circuit Court.*—HON. J. D. FOSTER, Judge.

REVERSED AND REMANDED.

*Silver & Brown* and *Henry C. Riley* for plaintiff in error.

(1) The judgment is in effect a special judgment against each tract for the amount of the taxes charged against it, and not open to the objection urged against it. The execution is special and follows the judgment.

The court erred in quashing the execution and setting aside the judgment. (2) Even if the judgment be irregular because rendered *in solido* against all the tracts, instead of a special judgment against each tract for the amount of the taxes charged against it, still, being rendered by a court of competent jurisdiction, after personal service upon the defendant, it is not void, and can only be questioned upon appeal or writ of error. *Gray v. Bowles*, 74 Mo. 425; *Brown v. Walker*, 85 Mo. 262; *Allen v. McCabe*, 93 Mo. 138; *Jones v. Driskill*, 94 Mo. 199; *Allen v. Ray*, 96 Mo. 542. (3) The execution follows the judgment, the court having jurisdiction, and the regularity of the judgment could not be questioned in the motion to quash the execution. *State to use v. Berry*, 9 Mo. App. 42. (4) After the term had elapsed at which final judgment was taken, the court possessed no further control or jurisdiction over the case, and could not set aside the judgment and grant leave to the defendant to plead to the petition. *Danforth v. Lowe*, 53 Mo. 217. (5) The defendant was regularly summoned as required by law, and the court had jurisdiction of the subject-matter. The judgment could not, therefore, be reviewed after the expiration of the term at which it was rendered. *Campbell v. Garton*, 29 Mo. 343; *Tennison v. Tennison*, 49 Mo. 110. (6) The attack upon the judgment was a collateral attack and cannot prevail. Authorities under second paragraph, *supra*.

*Cramer & Dawson* for defendant in error.

BARCLAY, J.—A judgment was rendered against defendant in a suit for back taxes at the relation of the county collector. The record in the cause shows personal service upon defendant. No appeal from that judgment was taken.

After the lapse of several terms, defendant filed a motion to quash an execution that had been issued on this judgment. The grounds of this motion were these:

"1.   There was no levy made by the sheriff nor any levy indorsed on the execution.

"2.   The judgment was rendered on a void assessment.

"3.   There was no legal notice of the sale of said land.

"4.   The judgment on which the execution was issued is void."

That motion the court sustained.

At a later term, defendant filed a motion to quash another execution issued in the meantime on the same judgment.  Before any ruling upon it the court permitted it to be amended by adding the words "and to set aside the judgment."  This motion assigned the following reasons :

"1.   Because the assessment upon which said claim for taxes is based is illegal and void, the assessor having utterly failed to comply with the requirements of the statutes in that behalf.

"2.   Because the judgment is a general judgment against the defendant, when no other than a special judgment is provided for by law.

"3.   Because the judgment is void.

"4.   Because at the last term of this court there was filed in this cause a motion to quash an execution issued on said judgment, alleging as reason among other things that the said judgment was void, which said motion in all things was sustained and the present execution was issued without authority of law."

The court sustained this motion and vacated the judgment.  Upon that the plaintiff declined to plead further, and the court dismissed the cause.  After saving exceptions and moving unsuccessfully to correct these rulings, plaintiff appealed.

The original judgment was as follows:  "Now at this day comes the relator by his attorney, Henry C. Riley, and the defendant having been duly summoned

herein, and being called, comes not, but makes default. Wherefore, it is ordered by the court that the petition of plaintiff against defendant be taken as confessed, and all and singular the matters in the petition of relator are submitted to the court, and the court, after hearing the testimony, doth find the defendant the owner of the real estate described in the petition, and the court doth further find that there are due and unpaid delinquent taxes, including interest thereon, on each tract of the following described real estate, situate in New Madrid county, Missouri, for the years and amount set opposite each tract, viz. :

| No. | Parts of secs,. surveys, lots or bl'ks. | Sec. | Tp. | R. | Years for which taxes are due. | Tax. | | Int. | | Total Int.& Tax. | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | S. E. qr. N. E. qr. | 36 | 25 | 14 | 1877, '78, '79, '80. | 1 | 57 | | 56 | 2 | 13 |
| 2 | E. half S. E. qr. | 36 | 25 | 14 | 1879, 1880. | 1 | 54 | | 39 | 1 | 93 |
| 3 | S. half S. E. qr. | 36 | 25 | 14 | 1878. | | 80 | | 17 | | 97 |
| 4 | N. E. qr. S. E. qr. | 36 | 25 | 14 | 1877. | | 40 | | 21 | | 61 |

( etc. to end, describing thus seventeen pieces of land in all ), wherefore it is ordered, adjudged and decreed by the court that plaintiff have and recover from the defendant his special judgment for the said sum of $135$\frac{88}{100}$, so due on the lands as aforesaid, with costs of suit, and that this judgment shall draw ten per cent. interest from the rendition thereof, and further that there be levied and collected as other costs in this cause, four per cent. commission for the collector, and for Henry C. Riley, plaintiff's attorney, an attorney's fee of eight per cent. of the judgment herein collected, and that the aforesaid judgment and costs are a special lien and judgment against said tracts of land respectively as hereinbefore described, and that plaintiff have execution therefor."

A motion to set aside a judgment for irregularity may be entertained by the court in which the judgment was rendered at any time within three years from its rendition. (R. S. 1879, sec. 3727.) This proceeding is

predicated on that provision of our law. We will examine consecutively the grounds assigned in the motion.

I. Whether or not the assessment was regular, on which the taxes named in the judgment were based, is a subject not open for consideration upon this motion. The original judgment was conclusive upon that point.

II. But the judgment is attacked as being a general one. In the law governing proceedings to collect delinquent taxes it is stated that "the judgment, if against the defendant, shall describe the land upon which taxes are found to be due, shall state the amount of taxes and interest found to be due upon each tract or lot, and the year or years for which the same are due, up to the rendition thereof, and shall decree that the lien of the state be enforced, and that the real estate, or so much thereof as may be necessary to satisfy such judgment, interest and costs, be sold, and a special *fieri facias* shall be issued thereon," etc.    R. S. 1879, sec. 6838.

A judgment may properly refer for particulars to other parts of the record proper. In this respect a judgment in a back tax suit does not differ from others rendered by our courts. In the present instance, construing together the finding and the judgment proper, we think the law has been complied with in every substantial particular. The amount of taxes, interest and other charges, due upon each piece of land, is specified. Each tract is described in a manner sufficient under our practice of conveyancing. The costs are properly a charge against each, and every piece. The amount of taxes found due is declared "a special lien and judgment against said tracts of land *respectively as hereinbefore described.*" The judgment may not possess that symmetry of form and expression which precludes the possibility of challenge, but we think it sufficient to meet the substantial demands of the law.

The M. Forster Vinegar Mfg. Co. v. Guggemos.

III.  The statement that "the judgment is void" requires little notice.  The court having complete jurisdiction of the principal cause, and defendant having been personally served in it, if the judgment were irregular, and liable on that account to be vacated on timely motion (as asserted by defendant), it would not necessarily be void.  But as we have found it regular and sufficient there is no need to pursue the distinction.

IV.  The last ground assigned relates to the supposed effect of an earlier motion to quash an execution, issued on the same judgment.  This motion the court had sustained.  It was based on several grounds.  The only one which could have a bearing on the issues made upon the later motion is the fourth, that the original judgment was void.  The record here does not show that the court adjudicated that question in favor of defendant.  That motion merely asked to quash that execution.  It did not ask, as did the later motion, that the judgment be vacated.  On the facts here shown, the ruling on the first motion cannot properly be regarded as an adjudication that would govern the present controversy.

The motion to quash the last execution and to set aside the judgment should have been overruled.  The order vacating the judgment and the subsequent orders of the trial court are reversed and the cause remanded with directions to overrule the defendant's motion.  All the judges concur.