THEO. ASCHER COMPANY, Appellant, v. JOHN J. JACK, Garnishee of DENA M. DOUGHERTY, Respondent.

St. Louis Court of Appeals, December 29, 1908.

1. ATTACHMENTS: Garnishment: Discharge of Garnishee. Where an attachment is dissolved, a garnishee summoned in the proceeding is thereby discharged.

2. ———: ———: ———: The fact that an attachment was dissolved irregularly and erroneously does not prevent a garnishee being thereby discharged, where the plaintiff took no steps to have the action reviewed.

Appeal from Knox Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

AFFIRMED.

*T. L. Montgomery* for appellant.

(1) The plaintiff has lost none of its rights by failure to appeal the attachment case. The garnishee was not a party thereto. The judgment is interlocutory, not final. The judgment was rendered on motion. There is no final disposition, or final judgment rendered in the attachment case, either on the plea in abatement or upon the merits. R. S. 1899, sec. 407; Ann. Stat. 497; Bank v. Thornburrow, 109 Mo. App. 641; Crawford v. Armstrong, 58 Mo. App. 216; Hauser v. Andersch, 56 Mo. App. 485; Hull v. Beard, 80 Mo. App. 200; R. S. 1899, sec. 770; 1 Ann. Stat., p. 747; Sater v. Hunt, 61 Mo. App. 228; s. c., 75 Mo. App. 469; Seay v. Sanders, 88 Mo. App. 478; Spalding v. Bank, 78 Mo. App. 374. (2) The money to satisfy the judgment obtained by Dena M. Dougherty was paid to the clerk of the court. He paid the costs in the case and attorney fee to Mr. Jones, who was attorney for plaintiff in that case. That left the clerk holding $407.83 in his hands. There is no law in this State authorizing the clerk to receive or hold the money to satisfy a judgment. He is not responsible for it on his bond. He is a mere bailee for the plaintiff in that case, Dena M. Dougherty. He held the same in a private capacity. He is subject to garnishment in this case. R. S. 1899, sec. 516; 1 Ann. Stat., p. 569; R. S. 1899, sec. 526; 1 Ann. Stat., p. 571; Johnson v. Mason, 16 Mo. App. 271; Rood on Garnishment (1 Ed.), sec. 29, p. 40; 5 Current Law, p. 590; 7 Cyclopedia of Law and Procedure, p. 237, par. (B) and (II), and Vol. 23, same work, p. 1464, par. b; State ex rel. v. White, 152 Mo. 416; State ex rel. v. Moeller, 48 Mo. 331; State

to use v. Dailey, 4 Mo. App. 172; Weaver v. Davis, 47 Ill. 237; Triebel v. Colburn, 64 Ill. 378; Clark v. Boggs, 6 Ala. 809, 41 Am. Dec. 85; 8 Am. and Eng. Ency. Law (1 Ed.), p. 1144, par. e; 14 Am. and Eng. Ency. Law (2 Ed.), p. 824, par. 9; Bank v. Paper Mills, 49 Minn. 133; Openheimer v. Marr, 31 Neb. 811, 48 N. W. 818.

*J. W. Ennis* and *O. D. Jones* for respondent.

Appellant has no standing here to demand a trial of this appeal. The two cases in the lower court were docketed as two, and separate records of them were kept, and the motions sustained in the principal case. "To dissolve the attachment herein and quash the levy of attachment, and the summons to John J. Jack as garnishee." Young v. Hudson, 99 Mo. 102; State ex rel. v. Hyatt, 105 Mo. 9; Duncan v. Forgey, 25 Mo. App. 310; Iron Co. v. Graham, 48 Mo. App. 638.

GOODE, J.—This defendant, Dena M. Dougherty, obtained judgment in the circuit court of Knox county at the December term, 1904, as plaintiff in an action against Bernard J. Dougherty and others, for dower in an undivided one-fourth interest in four lots in the city of Edina. The decree found the property was not susceptible of division in kind; that the present value at the date of the decree, of defendant's dower interest was $427.65, and that she had sustained damages from the deforcement of her dower subsequent to the death of her husband, to the amount of $60; wherefore it was considered and adjudged that she recover $527.25 from the defendants in the action; that the same be declared a lien on the said lots and she have execution. There is a discrepancy between the total judgment and the sum of the two items which compose it; but with this fact we have nothing to do. On

August 17, 1907, the attorney for the parties who were defendants in said action wherein this defendant as plaintiff recovered the judgment aforesaid, paid $652.22 to John J. Jack, clerk of the circuit court of Knox county, in full settlement of the judgment, interest and costs. On the date the payment was made, but at a later hour, a writ of attachment was issued in the present case and levied on any interest defendant had in the lots wherein she had been adjudged to have right of dower and Jack was summoned as garnishee. Her interest in the lots had been converted by the judgment into a bare lien. The grounds alleged for the attachment were these: defendant was not a resident of the State of Missouri; she was about fraudulently to convey her property and effects so as to hinder and delay her creditors; was about fraudulently to dispose of, conceal and remove her property so as to hinder and delay her creditors; she had failed to pay the price or value of things delivered, which by contract she was bound to pay on delivery. The attachment action was instituted to recover $322.06 alleged to be due plaintiff from defendant for goods sold and delivered to her, to go into the stock of a millinery establishment she conducted in Story City, Iowa. Interrogatories were exhibited to the garnishee Jack, who answered that at the time he was served with garnishment he had received from the attorney for the defendants in the case of Dena M. Dougherty et al. against Bernard J. Dougherty et al., the sum of $625.21, which had been paid to him in full satisfaction of the judgment, interest and costs in said cause; that of said sum he had applied $40.55 as costs and had paid $203.84 to the attorney for Dena M. Dougherty with the consent of the attorney for this attaching plaintiff, Theo. Ascher Company; that the balance of said sum of money paid as aforesaid to him as garnishee, was still in his possession and amounted to $407.83, which sum he held subject to the direction of the court. On Decem-

ber 11, 1907, after the filing of the interrogatories and the answer thereto, a motion was presented by the defendant Dena M. Dougherty to dissolve the attachment, and quash the levy and the summons to the garnishee. This motion set out six grounds and was sustained by the court on three which involved the notion that the money in Jack's hands was in legal custody and not subject to garnishment. Both parties appear to treat the levy on defendant's supposed interest in the lots as of no effect, since a money judgment was given her in lieu of the interest, and the lien declared on the lots had been discharged by the payment of the judgment. The order on the motion to dissolve the attachment, sustained the motion in full, but the reasons given for sustaining it relate only to the money. It is obvious the whole attachment was released by the order, despite the reasons assigned, and this is not questioned.

The order to dissolve was entered on December 13th, at the December term of the Knox county circuit court, after the introduction of evidence by both parties, and without objection from either on the ground that the procedure was irregular or untimely. No bill of exceptions was filed to the action of the court sustaining the motion and dissolving the attachment, nor was a motion for new trial or in arrest filed. Afterwards, on December 14, 1907, the garnishee moved the court to dismiss the garnishment proceeding against him, for the reason that the court had dissolved the attachment and quashed the levy and summons to the garnishee, pursuant to the aforesaid motion filed by the defendant. The motion of the garnishee to be discharged was submitted on the evidence taken on defendant's motion to dissolve the attachment, and was sustained and judgment entered that the garnishee go without day. This appeal was prosecuted from said judgment in favor of the garnishee.

It is a fair conclusion from the order dissolving the attachment on motion of the defendant, that this

ruling was made because the court deemed the money
in the hands of the clerk to be in the custody of the
law and not subject to garnishment; a theory which is
disputed by counsel for plaintiff, who recognizes, how-
ever, that, in view of the dissolution of the attachment
on defendant's motion, the point cannot be determined
on the appeal if the order of dissolution is a finality.
No doubt if the attachment was dissolved in a final
way, the garnishee is entitled to his discharge; for
in no event could there afterward be a lien on the
money in his hands; and, moreover, our statutes
provide that when an attachment is dissolved, all pro-
ceedings touching the property and effects attached, or
any garnishment proceeding, shall be vacated and the
suit proceed as if it had been commenced by summons
only.  [1 Mo. Ann. Stat., sec. 414; R. S. 1899, Id.]
Hence if the order to dissolve could not be vacated, we
would decide merely a moot point should we pass on
the question of whether the money in the clerk's hands
was subject to garnishment.  But counsel for plaintiff
says the order dissolving the attachment on defend-
ant's motion was interlocutory and might be vacated
on motion at a subsequent term; citing section 770 of
the statutes (R. S. 1899).  Said section relates to set-
ting aside interlocutory judgments for failure to plead
and has no relevancy to the point in hand.  A section
of the Practice Act allows a judgment to be set aside
for irregularity on a motion filed in three years after
the term at which it was rendered.  [1 Mo. Ann. Stat.,
sec. 795; State ex rel. v. Hunter, 98 Mo. 386; State
ex rel. v. Tate, 109 Mo. 265.]  We do not say it was
regular procedure to determine in a summary way and
on a motion to dissolve the attachment, whether the
money in the hands of the clerk could be garnished
(Lorenz v. Orlady, 87 Pa. St. 226); but the question
was tried and determined in that mode with the ac-
quiescence of both parties, and plaintiff submitted to
the order dissolving the attachment lien without taking

steps to have the ruling reviewed. If said order was irregular, plaintiff could have no standing under these circumstances to move, after the term, to have it set aside, because, even if there is no other reason, its acquiescence in the procedure prevents it from being treated as injured by what was done. [Downing v. Still, Admr., 43 Mo. 309.] Whether or not defendant's motion to dissolve was the proper way to raise the point of law presented, as no objection was raised or exception saved, and the question was fully gone into on evidence, the order should be treated as final. It may be stated, too, that the jurisdiction of the court was obtained on constructive notice only, and after the release of the attachment there could be no judgment against the defendant. For the foregoing reasons we hold the present appeal cannot be examined on its merits. The judgment is affirmed. All concur.