IN THE MATTER OF THE ABATEMENT OF ADDITIONAL ASSESSMENT OF INCOME TAX BY THE STATE AUDITOR OF MISSOURI AND ASSESSOR OF GASCONADE COUNTY, MISSOURI, AGAINST R. A. BREUER.—No. 39575.—190 S. W. (2d) 248.

Division One, November 5, 1945.

*Joseph T. Tate* for appellant.

*J. E. Taylor,* Attorney General, and *Will F. Berry, Jr.,* Assistant Attorney General, for respondents.

HYDE, P. J.—This is a proceeding commenced in the County Court, for abatement of an assessment by the State Auditor for additional income taxes for the years 1941 and 1942, under Section 11366. (This and all other references are to R. S. 1939 and Mo. Stat. Ann.) The County Court ordered abatement. On appeal to the Circuit Court the assesment was upheld and petitioner has appealed.

Petitioner is Judge of the 32nd Judicial Circuit. He lives in Gasconade County, which with Franklin and Osage Counties constitute his Circuit. He is paid $1200.00 per annum under Section 13393, for expenses of holding court in the counties of his Circuit other than his home county. In 1941 he only spent $412.88 for such expenses, leaving a balance of $787.12 not used therefor. In 1942, these expenses were $920.62, leaving a balance of $279.38 not used therefor. The additional income assessments were for these amounts not used for such expenses.

Petitioner contends that this is not income within the meaning of Sections 11343 and 11345. He relies upon Macon County v. Williams, 284 Mo. 447, 224 S. W. 835 (and cases therein cited), in which we held that this provision for the payment of expenses of Circuit Judges did not provide additional "compensation" in the constitutional

sense; also State ex rel. Jasper County v. Gass, 317 Mo. 744, 296 S. W. 431, in which we said that "the $1200 allowed for expenses is not an allowance for services of any kind." The trial court's conclusion was "that the $1200.00 received by petitioner, as circuit judge, under the provisions of Section 13393, R. S. Mo. 1939, constitutes income to petitioner within the meaning of the Missouri Income Tax Law, to the extent such sum is greater than actual travel expenses incurred by petitioner."

Section 13393 was in effect prior to the enactment of our state income tax law in 1917. (See Sec. 10684, R. S. 1909; Laws 1905, p. 291.) The definition of income in Section 11345 thereof is as follows: "Income shall include gains, profits, and earnings derived from salaries, wages or compensation for personal services of whatever kind and in whatever form paid; and from professions, vocations, businesses, trade, commerce, or sales or dealings in property, whether real or personal, growing out of the ownership or the use of any interest in real or personal property; and from interest, rent, dividends, securities and gains, profits and earnings from any other transactions of any business carried on for gain or profit; and from any source whatever; . . . " It may be conceded that the portion of this allowance not used for expenses is not "gains . . . from salaries, wages or compensation for personal services", but we do not see how it can be said that it does not constitute "gains . . . from any source whatever."

Webster's New International Dictionary, thus defines gain: "gain, n. 2. Increase or addition to what one has of that which is of profit, advantage or benefit; resources or advantage acquired; profit;—opposed to loss. 3. Act of gaining something; esp., the obtaining or amassing of profit or valuable possessions; acquisition; accumulation."

We think it is clear that the unused portion of this allowance is an annual gain, profit, accumulation and acquisition to petitioner. The plain intent of the statute is to give judges, who must hold court away from home, a flat allowance. No doubt the Legislature, knowing such expenses would fluctuate, intended that such gains in some years should make up for excess expenses in other years. However, our income tax law requires computation of taxable income on an annual basis. If these expenses are actually greater than this allowance, the judge must pay the difference from his own resources. Undoubtedly such excess expense would be necessary traveling expenses of his occupation, which he would be entitled to deduct in computing his annual taxable income, under Section 11349. Likewise, when these expenses are less than this allowance, the annual accumulation therefrom must be added to his other taxable income as gains from any source whatever for that year. The right to such gain, if such ex-

penses are less than the allowance, is incidental to the office of petitioner.

Petitioner cites our opinion in Petition of Union Electric Co., 349 Mo. 73, 161 S. W. (2d) 968 which classifies the sources of income thus: (A) Labor; (B) the use of capital (including land); and (C) sale or exchange of capital assets. However, we further said therein that "income consists of an increase in the economic wealth of the taxpayer" which would certainly include gains from any source whatever. The gain herein involved might be said to be at least incidental to labor as that term is broadly used in the Union Electric Company case even though it is not additional official compensation in the constitutional sense for the reasons stated in Smith v. Jackson, 241 Fed. 747, 154 C. C. A. 449. [Affirmed in Smith v. Jackson, 246 U. S. 388, 38 S. Ct. 353, 62 L. Ed. 788; and quoted with approval in Williams v. Macon County, supra.] In prospect, it is only a speculative or contingent gain (and may be a loss) according to the demands upon petitioner's time away from home and the way in which he conducts such judicial business. We, therefore, hold that the conclusion of law of the trial court on this issue was correct.

This leaves the question of res judicata raised by petitioner on the following facts. The State Auditor had also made a similar additional assessment of income for the year 1940, prior to the assessments herein involved. This assessment was abated by the County Court, on petitioners action alleging that this amount (difference between $1200 and actual expenses for that year) was not taxable income and also that any action to enforce collection of additional income for the year 1940 was barred by limitations. There was no appeal from this judgment of the County Court.

Petitioner says that this former judgment is conclusive in this suit because it is between the same parties and involved the same issue, citing State ex rel. Buchanan County v. Patton; 271 Mo. 554, 197 S. W. 353. [See also In re McMenamy's Guardianship, 307 Mo. 98, 270 S. W. 662; Kimpton v. Spellman, 351 Mo. 674, 173 S. W. (2d) 886.] However, the judgment in the County Court in the 1940 tax abatement proceeding was general, while both the statute of limitations and nontaxability of income were set up as defenses. Where several distinct questions are presented by the pleadings, either of which might have been the basis of the judgment, and it does not appear upon which the judgment is based, the judgment is not conclusive when one of these questions is presented in a subsequent different suit based upon another separate and distinct transaction. [34 C. J. 922, sec. 1330; American Law Institute Restatement of Judgments, p. 306; State ex rel. Waters v. Hunter, 98 Mo. 386, 11 S. W. 756; American Paper Products Co. v. Aetna Life Ins. Co., 204 Mo. App. 527, 223 S. W. 820; DeSollar v. Hanscome, 158 U. S. 216, 15 S. Ct. 816, 39 L. Ed. 956; see also State on inf. McKittrick ex rel.

City of Trenton v. Missouri Public Service Corp., 351 Mo. 961, 174 S. W. (2d) 871.] That is the situation here.

Furthermore, the question herein presented is purely a question of law on the meaning of income in our income tax law. The rule, in this situation, stated by the American Law Institute, is as follows: ''Where a question of law essential to the judgment is actually litigated and determined by a valid and final personal judgment, the determination is not conclusive between the parties in a subsequent action on a different cause of action, except where both causes of action arose out of the same subject matter or transaction; and in any event it is not conclusive if injustice would result.'' [Restatement of Judgments, sec. 70, p. 318.] This rule is particularly applicable to tax questions. [See Restatement of Judgments, pp. 324-325.] The tax for each year is a separate and distinct transaction and each action for collection is a different cause of action from those of prior years. It would give one taxpayer an unfair advantage over others, and be unjustly discriminatory, if through inefficiency or neglect of the collecting officers, to appeal an erroneous decision on a question of law, it should be held that he would be relieved for all time from paying taxes all others must pay. We, therefore, hold that the judgment in the 1940 tax abatement proceeding is not res judicata of the question of law herein presented.

The judgment is affirmed. All concur.