Dorothy D. RINCON, Respondent,

v.

Manuel A. RINCON, Appellant.

No. 38353.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 22, 1978.

John D. French, St. Ann, for appellant.

Dudley C. Dunlop, Clayton, for respondent.

CLEMENS, Presiding Judge.

Defendant-husband has appealed from a circuit court order which modified and increased plaintiff-wife's support allowance, originally entered in 1960. Defendant first contends that since the ten-year statute of limitations has run on the original alimony judgment it has been extinguished and there was nothing left to modify. He contends alternatively that plaintiff failed to meet her burden of showing a substantial and continuing change of circumstances.

■ We find the statute of limitations defense is deficient, both in form and substance. In the trial court defendant responded to plaintiff's motion merely by denying her allegations of changed circumstances; he did not plead the ten-year statute of limitations on which he now relies.[1] A long line of cases, beginning in 1829, has held the statute of limitations bar is an affirmative defense and is waived if not pleaded. (See Limitation of Actions, 19A Mo.Dig., ▮▮▮▮▮▮▮ We hold defendant's contention is deficient in form.

■ Looking to the substance of defendant's contention, we deny his argument that the ten-year statute of limitations has *extinguished* plaintiff's 1960 alimony judgment. Defendant argues that it cannot be used as a "foundation from which the court could modify the original decree." Defendant overlooks the nature of a defense based on a statute of limitations. Such statutes are procedural rather than substantive; they merely suspend the remedy without extinguishing the right. (See cases annotated in 19A Mo.Dig., ☞165.) Here, plaintiff is not seeking to enforce payment of her 1960 judgment; instead, she is seeking to compel defendant to pay for future support, and that is what the trial court decreed. We deny defendant's statute of limitations contention and consider his alternative point that plaintiff failed to show a substantial and continuing change of circumstances.

Defendant contends plaintiff failed to justify the awarded weekly support increase from five dollars (in 1960) to ten dollars. He relies on § 452.370(1), RSMo., requiring "a showing of changed circumstances so substantial and continuing as to make the terms unreasonable."

■ Plaintiff went to work after the divorce and although she had a substantial income for several years, her work has become irregular due to illness and lay-offs. She worked only half-time in 1975 and at trial time had only temporary employment. Her cost-of-living has increased due to illness and inflation.

■ Meanwhile, the defendant's monthly gross income has increased from $400 to $1,000. He contends this does not warrant increasing plaintiff's support allowance. Standing alone it would not, but see *Markham v. Markham*, 506 S.W.2d 84 [4–8] (Mo. App. 1974), holding a husband's increased earnings is a factor to be considered when the change in the wife's condition—as

---

1. § 516.350, RSMo. 1969 provides: "Every judgment . . . shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof . . . ."

here—justifies an increase in maintenance. The trial court did not err by increasing the allowance.

SMITH, J., concurs.

McMILLIAN, J., concurs in results only.