Ulia H. FIELDER, Plaintiff-Respondent,

v.

Coley Mayo FIELDER,
Defendant-Appellant.

Nos. 46717, 47378.

Missouri Court of Appeals,
Eastern District,
Division One.

May 22, 1984.

James W. Erwin, St. Louis, for defendant-appellant.

David O. Fischer, St. Louis, for plaintiff-respondent.

RONALD M. BELT, Special Judge.

This is a consolidated appeal from orders of the Circuit Court of the City of St. Louis. Judge Brendan Ryan overruled appellant's motion to quash a writ of execution and garnishment issued to collect child support payments alleged to be past due under a divorce decree entered on April 21, 1971. Judge Anna C. Forder sustained respondent's motion to modify the child support payments. The judgments are reversed.

On April 21, 1971 respondent obtained a divorce decree which ordered appellant to pay respondent child support of $10 per week for each of the parties' six children. On February 24, 1982, the wife caused a writ of execution and garnishment to be issued to collect the child support payments, which have never been made. Appellant filed a motion to quash the writ on the ground that more than ten years had elapsed since rendition of the judgment and thus execution could not issue under then-§ 516.350 RSMo. 1978. The trial court per Judge Koehr sustained this motion on July 12, 1982. The order sustaining this motion was not appealed.

On August 18, 1982 respondent moved to modify the child support order. The motion to modify was sustained on November 17, 1982.

Before the issuance of the modified child support decree, the trial court issued a writ of execution and garnishment on November 8, 1982. Appellant moved to quash this writ, but the motion to quash was denied on April 13, 1983.

These appeals involve essentially three issues: 1) Whether the July 13, 1982 order quashing the writ of execution and garnishment was res judicata as to the subsequent request for a writ of execution and garnishment; 2) If so, was the judgment deemed satisfied so that there was no judgment left to modify; and 3) If not, was there sufficient evidence to support the child support modification.

The primary issue is whether the July 13, 1982 order was res judicata. In *Holt v. Holt*, 635 S.W.2d 335 (Mo.banc 1982), the Missouri Supreme Court criticized the Missouri position that orders for alimony and child support were actions at law and subject to the same incidents as money judgments in other actions of law. The Court found that periodic maintenance and child support orders are aimed at the future and execution could not issue as to future installments. Thus, they should be treated different than other money judgments. However, rather than revising the Missouri position, the Court for the sake of consistency and uniformity held that as to cases in litigation as of July 6, 1982, decrees of periodic maintenance and child support would be presumed paid, in accordance with § 516.350.2 RSMo. 1978 (1982 Cum. Supp.), ten years from the date of each periodic payment rather than ten years from the date of the decree. Because the motion to quash the first writ of execution and garnishment was under submission to Judge Koehr as of the date *Holt v. Holt* was published, the rule which would apply is that the 1971 decree for periodic child support was presumed paid only as to those payments which were overdue for ten years or more. However, if Judge Koehr's order is res judicata as to whether the decree is presumptively paid in full, then no other execution may issue and the judgment is deemed paid in full.

The first issue is whether the present case calls for the invocation of res judicata (claim preclusion) or that form of res judi-

cata commonly referred to as collateral estoppel or issue preclusion. "Traditionally, res judicata (claim preclusion) precludes the same parties from relitigating the same cause of action whereas collateral estoppel (issue preclusion) precluded the same parties from relitigating issues which had been previously adjudicated." *Oates v. Safeco Ins. Co. of America,* 583 S.W.2d 713, 719[8] (Mo.banc 1979).

At first glance, the present case might seem to involve res judicata (claim preclusion). The parties to the two writs are the same and each motion to quash involved a writ of execution and garnishment based on the same decree of periodic child support.

■ For purposes of res judicata, however, a second attempt to execute on a judgment is not the same cause of action as the first attempt to obtain execution because the failure to obtain satisfaction of the judgment of the first writ of execution does not preclude subsequent attempts. A judgment plaintiff is not limited to an original execution, but may procure further writs to obtain satisfaction. *McManus v. Burrows,* 191 Mo.App. 594, 177 S.W. 671, 675[3] (1915).

Thus, if respondent is to be precluded from relitigating whether the 1971 decree is presumed paid, the preclusion must come as the result of collateral estoppel. The key issue in the present case in the determination of whether collateral estoppel applies is whether the question of the presumptive payment of the 1971 decree was necessarily determined by the Judge Koehr's order quashing the writ of execution and garnishment. See *American Polled Hereford Association v. City of Kansas City,* 626 S.W.2d 237, 241[3, 4] (Mo.1982).

■ Whether a judgment which states no reasons behind the judgment necessarily decides any particular question of fact is determined to a large extent by whether the court's judgment sustains or denies a motion or claim. Thus, in *Huett v. Huett,* 643 S.W.2d 840 (Mo.App.1982), this court

held that a denial of a motion to quash execution and garnishment for back child support precluded subsequent litigation of whether the children were emancipated where the father, who was the judgment debtor, had asserted the emancipation of the children as the basis for the motion to quash. This court's opinion does not expressly state that the trial court gave no reasons for the denial of the motion to quash, but an examination of the record on appeal reveals that the court's order in fact stated no reasons for the denial. Logically, as *Huett v. Huett* implies, the denial of the motion necessarily constituted a negation of all grounds urged in support of the motion; had the court believed any of the grounds, the motion would have been sustained.

Sustaining a motion, on the other hand, does not necessarily imply that the court believed any particular grounds asserted in support of the motion. Thus, where multiple grounds are urged to support a motion or claim, the court's judgment sustaining the motion does not by itself constitute a finding in favor of any of the particular grounds urged. See, e.g., *Kansas City v. Graybar Electric Co., Inc.,* 485 S.W.2d 38, 42–43 (Mo.banc 1972); *State ex rel. Waters v. Hunter,* 98 Mo. 386, 11 S.W. 756, 757[4] (1889).

In the present case, the trial court in the former lawsuit sustained appellant's motion to quash without comment. The motion to quash gave only one reason why the execution and garnishment should be quashed, viz., that the statute of limitations, § 516.350 RSMo. 1978, had expired. The narrow issue is whether the judgment quashing the writ of execution and garnishment decides the issue that the judgment for which the writ issued was presumptively paid.

■ The right to execute a judgment, unless validly stayed, accrues immediately upon rendition of judgment. *Griggs v. Miller,* 374 S.W.2d 119, 121[3] (Mo.1963). Moreover, it is not a prerequisite to an execution that an express order of the court be made for its issuance. *State ex*

*rel. Capitain v. Graves,* 190 S.W. 859, 861[2] (Mo.banc 1916).

If no express order of the court is necessary in order for a judgment creditor to execute a judgment, then it follows that execution shall automatically issue upon the judgment creditor's application for execution under Rule 76.01. The judgment debtor may then move for an order of the court quashing the execution. If the court does not believe the grounds urged in support of the motion to quash, and if the court can find nothing in the record of the case which would render the judgment void, then the motion to quash will be denied. The court must be persuaded that the grounds for the motion to quash are meritorious or else the motion will be denied and execution will proceed.

No one has challenged the validity of the 1971 decree. The fact that the motion to quash was sustained necessarily implies that the trial court believed the only ground asserted in behalf of the motion, viz, that the judgment was presumptively paid under § 516.350 RSMo. 1978.

Judge Koehr's order implicitly sustaining the motion to quash on the ground that the 1971 judgment was presumptively paid involves a conclusion of law. In the present case, no one disputes that the child support was unpaid for ten years; the only question was whether § 516.350 RSMo. 1978 barred the collection of the judgment. The issue is whether a conclusion of law in a prior lawsuit can operate as collateral estoppel.

In *In re Breuer's Income Tax,* 354 Mo. 578, 190 S.W.2d 248 (1945), the court adopted the Restatement of Judgments § 70:

"Where a question of law essential to the judgment is actually litigated and determined by a valid and final personal judgment, the determination is not conclusive between the parties in a subsequent action on a different cause of action, except where both causes of action arose out of the same subject matter or transaction;

and in any event it is not conclusive if injustice would result."

190 S.W.2d at 250[5, 6].

Here, the two actions are very closely related and arose out of the same subject matter or transaction because both actions involve attempts to execute the 1971 child support decree. Moreover, injustice would not result here because respondent failed to appeal Judge Koehr's order when she had every reason to appeal in that *Holt v. Holt* was decided one week prior to Judge Koehr's order.

The American Law Institute adopted and promulgated in 1980 a new rule regarding the collateral estoppel effect of a conclusion of law:

Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

\* \* \* \* \* \*

(2) The issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) a new determination is warranted in order to take account of an intervening change in the legal context or otherwise to avoid inequitable administration of the laws ...

Restatement (Second) of Judgments § 28(2). As the comments to § 28(2) indicate, the Restatement (Second) rule has the virtue of preventing multiple litigation of an issue of law where the claims are closely related, but does not lock the parties into an erroneous conclusion of law for all time. See Restatement (Second) of Judgments § 28, Comment b.

■ As applied to the case at bar, the only substantial difference between the two Restatement rules is that the Restatement (Second) version would allow respondent to avoid the collateral estoppel effect of Judge Koehr's order if she could show that there has been an intervening change of law between Judge Koehr's and Judge Ryan's orders. No such intervening

change of law occurred. *Holt v. Holt* was decided one week prior to Judge Koehr's order. Because respondent was precluded from relitigating the issue of presumptive payment of the 1971 decree, Judge Ryan's order denying appellant's motion to quash the second writ is reversed.

The second issue is whether the July 13, 1982 order, which collaterally estops respondent from asserting the nonpayment of the child support decree, deprives the trial court here of jurisdiction to modify the child support decree on the ground that no judgment is left to modify. This court holds that the trial court lacked jurisdiction to modify the child support award.

An action will not lie to modify a child support decree which is presumptively paid and satisfied by operation of former § 516.-350 RSMo. 1978. *Sisco v. Sisco*, 339 S.W.2d 283, 287–288[3] (Mo.App.1960).

In attempt to avoid *Sisco v. Sisco*, respondent cites *Rincon v. Rincon*, 571 S.W.2d 475 (Mo.App.1978). This court stated in *Rincon* that the expiration of the statute of limitation could not extinguish the right of the plaintiff to seek modification of her alimony judgment. *Id.* at 476[2, 3]. The ruling of the court, however, was based on a finding that the defendant had waived the defense of the expiration of the statute of limitations by not pleading it. *Id.* at 476[1]. Thus, this court's pronouncement on the substance of the defendant's claim was gratuitous dictum. The rule in *Sisco v. Sisco*, on the other hand, was necessary to the decision reached by this court and thus, is binding precedent.

The remaining issue concerns the sufficiency of the evidence to support Judge Forder's modification of the child support decree. This issue need not be considered because of the finding that the trial court lacked jurisdiction.

Both judgments are reversed.

SNYDER, P.J., and STEWART, J., concur.