**Alice DRAGNA, Appellant,**

v.

**AUTO OWNER'S MUTUAL INSURANCE COMPANY, Respondent.**

**No. WD 36167.**

Missouri Court of Appeals, Western District.

March 5, 1985.

Robert J. Hiler, Kansas City, for appellant.

William T. Session, Linde, Thomson, Fairchild, Langworthy, Kohn & Van Dyke, P.C., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and NUGENT and BERREY, JJ.

PER CURIAM.

Dragna appeals from the circuit court's order sustaining Auto Owner's motion to dismiss. Her action sought to recover

damages under the uninsured motorist provision of an automobile insurance policy. The judgment is affirmed.

In 1980, Dragna was involved in a single car accident when she was forced to swerve off the roadway in order to avoid having a head-on collision with a vehicle that was proceeding north in her southbound lane. There was no physical contact between the two vehicles and Dragna was unable to identify either the driver or the vehicle that caused the accident.

At the time of the accident, Dragna owned an insurance policy issued by Auto Owner's. The policy provided coverage for personal injuries sustained in an accident with an uninsured motorist. However, the policy required that before such recovery could be had, the claimant had to either identify the uninsured motorist or prove physical contact between the vehicles occupied by the claimant and the uninsured motorist. These restrictions were well established and they had been upheld in prior appellate decisions.

In 1981, Dragna filed a petition against Auto Owner's seeking to recover damages under the uninsured motorist provisions of her insurance policy. Auto Owner's filed a motion for summary judgment alleging that Dragna had failed to state a cause of action in that her petition failed to allege that there was physical contact between the two vehicles or that she could identify the other driver. The trial court issued an order granting the summary judgment motion in November, 1981, and there was no appeal.

In 1982, the uninsured motorist statute, section 379.203, RSMo 1978, was amended in relevant part to read as follows:

(1) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits for bodily injury or death set forth in section 303.-030, RSMo, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. Such legal entitlement exists although the identity of the owner or operator of * the motor vehicle cannot be established because such owner or operator and the motor vehicle departed the scene of the occurrence occasioning such bodily injury, sickness or disease, including death, before identification. It also exists whether or not physical contact was made between the uninsured motor vehicle and the insured or the insured's motor vehicle. Provisions affording such insurance protection against uninsured motorists issued in this state prior to October 13, 1967, shall, when afforded by any authorized insurer, be deemed, subject to the limits prescribed in this section, to satisfy the requirements of this section.

* Word "or" appears in original rolls.

Section 379.203(1), RSMo Supp.1982. The amendment, which merely added the underlined language to the already existing provision, clearly eliminated the contact or identity requirement.

Based on this amendment, Dragna again filed suit against Auto Owner's seeking to recover damages for injuries she sustained in the 1980 accident. The petition filed in 1983 was virtually identical to the one filed in 1981, the only real difference being the amount requested in damages. Auto Owner's filed a motion to dismiss or in the alternative, motion for summary judgment based on the 1981 order granting summary judgment in its favor. The court, after hearing oral arguments and considering the parties' written suggestions, sustained the motion to dismiss on the grounds that the 1981 summary judgment had rendered the matter res judicata and that the amendment to section 379.203 did not apply retroactively.

On appeal, Dragna asserts first that the doctrine of res judicata could not operate to bar her suit in that amended section 379.-203 created a new cause of action which was not available when her original suit was brought. She further contends that the amendment should be retroactively applied in that it is remedial legislation and it expressly provides for such application in the last sentence of subsection (1) quoted above. The retroactive application argument will be considered first.

■ The test to be applied in determining whether a statute relates back was expressed in *State ex rel. St. Louis-San Francisco Ry. Co. v. Buder,* 515 S.W.2d 409, 410 (Mo. banc 1974) as follows: a statute shall not be applied retrospectively unless (1) the legislature manifests a clear intent that it do so, or (2) the statute is procedural only and does not affect any substantive rights of the parties.

■ Dragna's contention that the final sentence of section 379.203(1), RSMo Supp. 1982, expressly provides for retroactive application of the amended statute is without merit. This language, which has remained unchanged since the statute first became law in 1967, concerns the validity of uninsured motorist policies issued prior to October 13, 1967, and the statutorily required minimum coverage. It in no way signifies that the statute was intended to have retroactive effect.

Nor does the statute fall within the other exception to the rule prohibiting retroactive application. By eliminating the requirement of showing either contact or identity in uninsured motorist claims, the new statutory language obviously had a substantive effect. That effect was to create new rights; thus, it was not merely procedural or remedial as Dragna asserts. *Shepherd v. Consumers Cooperative Association,* 384 S.W.2d 635, 640 (Mo. banc 1964). The trial court correctly held that the statute was not to be given retroactive effect.

Dragna's final assignment of error alleges that the doctrine of res judicata was improperly applied to bar her claim in that the amended statute created a new cause of action which was not previously available to her. This argument fails for two reasons. The first requires no explanation beyond saying that even assuming arguendo that a new cause of action was created, it would not be available to Dragna since, as discussed above, the statute cannot be applied retroactively to her claim.

■ The second reason for discounting Dragna's argument is that the amendment did not in fact create a new cause of action. A cause of action has been defined as "a subject matter upon which a proceeding may be brought by one party against another to obtain whatever relief the one is legally entitled to receive as against the other under the facts and circumstances upon which he relies." *Ford v. American Brake Shoe Co.,* 252 S.W.2d 649, 652 (Mo. App.1952). It was noted earlier that the amendment created new rights; that is not to say that it created a new cause of action. Its effect was to modify the law applicable to the existing cause of action. Additional support for this conclusion is provided by considering the similarities of the two petitions involved in the case. Such comparison reveals that the parties, operative facts, complaint allegations and theory of recovery are identical and the relief sought varies only in amount.

■ It is well settled that summary judgment constitutes a final judgment on the merits which operates to raise the defense of res judicata and to thus bar further litigation of the cause of action. *Pic-Walsh Freight Co. v. Cooper,* 618 S.W.2d 449, 454 (Mo.App.1981). Dragna has had her day in court and the trial court properly dismissed her suit based on the same cause of action. To hold otherwise would be to deprive the doctrine of res judicata of its purpose of providing finality to decisions.

The judgment is affirmed.