CONSUMERS OIL COMPANY, Appellant,

v.

James R. SPIKING and David F. Cox, Respondents.

No. WD 38221.

Missouri Court of Appeals, Western District.

Sept. 23, 1986.

chase price paid was therefore not shown.

Theodore M. Kranitz of Kranitz & Kranitz, St. Joseph, for appellant.

Nola Wright Phillipson of Watkins, Boulware, Lucas & Miner, St. Joseph, for respondents.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

MANFORD, Judge.

This is an appeal from an order of the Circuit Court of Dekalb County, Missouri, dismissing plaintiff's (appellant herein) petition for damages.[1]  Affirmed.

The pertinent facts are as follows:

On March 21, 1985, Consumers Oil Company (Consumers) filed a Petition on Account in the Circuit Court of Buchanan County, Missouri, against American National Bank, (the Bank) and Roger and Barbara Carson, husband and wife.[2]  The petition alleged that Consumers had extended credit to Roger and Barbara Carson, who were in the business of farming, and in so doing, Consumers was relying on a letter written by James (Jim) Spiking, assistant vice president of the Bank.  Said letter, attached to and incorporated in the petition, stated the following:

April 26, 1984

Mr. Ken Schinkel

CONSUMER COOP

Box 130

Maryville, MO 64468

Dear Mr. Schinkel:

This letter is to inform you of American National's commitment to provide operating money to Roger Carson, for 1984. This is in regard to the general crop expenses associated with Roger's planned cash flow.

This commitment shall be in effect so long as there is no substantial change in Mr. Carson's financial condition as would, in the judgment of this bank, adversely affect his ability to repay his indebtedness.

If you have any questions in regard to this, please feel free to call.

Sincerely,

/s/ Jim Spiking

Jim Spiking

Assistant Vice President

The petition further alleged that the Bank, by and through its officer Jim Spiking, had insured and guaranteed that the Carsons could continue to operate as farmers during 1984, and that the Carsons were indebted to Consumers in the amount of $80,367.19.  Consumers sought recovery against the Bank as guarantors.

Consumers obtained a jury verdict against Roger Carson[3] in the amount of $92,017.94.  This judgment is not involved in this appeal.

On November 14, 1985, the Bank filed a Motion for Summary Judgment and Suggestions in Support thereof, along with affidavits and exhibits, on the ground that the letter of Jim Spiking did not constitute a guaranty.  Consumers filed Suggestions in Opposition to the Bank's Motion for Summary Judgment.

On November 26, 1985, the court entered its Order of Summary Judgment in favor

---

1. Respondents filed a Motion to Dismiss the appeal.  Said motion is taken up by this court and is overruled.

2. The Buchanan County action will be referred to as the Buchanan County Case.

3. Consumers Oil dismissed Mrs. Carson as defendant in the Buchanan County Case.

of the Bank. No findings of fact or conclusions of law were entered. Consumers requested the court grant leave to allow it to file an amended petition for damages alleging fraud on the part of the Bank. Said request was denied and Consumers timely filed its Notice of Appeal.

While the appeal of the Buchanan County Case was pending in this court[4], Consumers filed a Petition for Damages in the Circuit Court of DeKalb County, Missouri, against Jim Spiking and David Cox.[5] The petition alleged that defendants (respondents herein), purporting to act with authority as officers of American National Bank, represented to plaintiff (appellant herein) that if plaintiff would extend credit to Carson and sell him merchandise during the farm year of 1984, the Bank would insure that Carson had the funds and that Carson would pay plaintiff for merchandise so sold to him; that defendants issued a letter to plaintiff purporting to support their representations; that said representations were false; that defendants knew said representations were false; that defendants made said representations with the intent that plaintiff rely on them; that plaintiff did in fact rely on those representations; that plaintiff had the right to so rely; and that plaintiff was thereby damaged.

Respondents filed a Motion to Dismiss Plaintiff's Petition for Damages and Suggestions in Support thereof, along with a chronological index of the Buchanan County Case. As a ground for their motion, respondents stated that Consumers was barred from bringing the DeKalb County Case on the bases of res judicata and collateral estoppel. Consumers filed its Suggestions in Opposition to the Motion to Dismiss. Following a hearing on the motion, the court sustained respondents' Motion to Dismiss. No findings of fact and conclu-

sions of law were entered. Consumers timely filed its Notice of Appeal.

Appellants charge the trial court erred in sustaining respondents' Motion to Dismiss because "the petition sufficiently stated a cause of action for fraud and there was no proof in the record of any prior adjudication of the issues, particularly in that no issue in this case was identical with any issue heard on the merits in any prior case, defendants were not the same parties or in privity with any party in a prior case, plaintiff had no full and fair opportunity to litigate the fraud issue in any prior suit, and there was no evidence of a prior suit before the trial court."

Although appellant cites a single point in its brief, said point raises several questions, and this court will attempt to address each.

Appellant first argues, although not stated in its point, that respondents' Motion to Dismiss was not sufficient to raise the defenses of res judicata and collateral estoppel. Appellant cites Rule 55.08 which requires that in a pleading to a preceding pleading, a party shall set forth any affirmative defenses. The Rule enumerates what defenses are considered affirmative defenses, and res judicata and estoppel are so included. Appellant also cites Rule 55.27(a) which allows certain defenses to be raised by motion, and res judicata and collateral estoppel are not included among the named defenses.

The Missouri Supreme Court has held that res judicata may be raised by a motion to dismiss the petition.[6] *Hall v. Smith*, 355 S.W.2d 52, 55 (Mo.1962). *See also First National Bank of Kansas City v. Christopher*, 624 S.W.2d 474, 479 (Mo. App.1981).

4. The Buchanan County Case was affirmed on appeal in *Consumers Oil Co. v. American National Bank*, 713 S.W.2d 598 (Mo.App.1986).

5. The DeKalb County action will be referred to as the DeKalb County Case.

6. Although respondents raise both res judicata and collateral estoppel, this court notes that

collateral estoppel is a form of res judicata and operates to preclude relitigation of an issue which has been determined in a prior adjudication. *See Ratermann v. Ratermann Realty & Investment Co.*, 341 S.W.2d 280, 291 (Mo.App. 1960).

Appellant next alleges that res judicata must be proved and that it is not sufficient to simply raise the defense in a motion to dismiss, citing *Kansas City v. Graybar Electric Co. Inc.*, 485 S.W.2d 38, 42 (Mo. banc 1972). Appellant contends that respondents filed a motion to dismiss along with suggestions and nothing more. Therefore, appellant argues, respondents did not prove that the Buchanan County Case was ever litigated or that the same issues as in the DeKalb County Case were previously decided. In support of its argument, appellant refers to the Legal File on Appeal. Contained in the file are respondents' Motion to Dismiss and Suggestions, yet absent from the file are any pleadings or other documents from the Buchanan County Case. The file has been properly verified by the Clerk of the Circuit Court of DeKalb County as a full, true and exact copy of the original pleadings and orders in the DeKalb County Case.

Respondents allege, however, that they did attach to their motion and suggestions copies of the entire pleadings from the Buchanan County Case. Respondents offer no explanation as to why those documents are absent from the Legal File on Appeal, but respondents have filed with this court a Supplemental Legal File on Appeal. Contained within the Supplemental File are all the pleadings from the Buchanan County Case and the file has been properly verified by the Clerk of the Circuit Court of DeKalb County as a full, true and exact copy of the original pleadings and orders in the DeKalb County Case.

This court does not surmise as to the reason for the differences in the Legal Files but notes that this court is bound to review the record properly before it. There is no indication that the certifications of either file are irregular or erroneous, and therefore, this court accepts both files as accurate and true copies of the pleadings and orders from the DeKalb County Case.

Finally, appellant argues that res judicata does not apply because respondents have failed to establish the necessary elements of that defense. Since this court affirms the trial court's judgment on the basis of issue preclusion (collateral estoppel), this court does not decide the question of claim preclusion.

The doctrine of collateral estoppel precludes relitigation of issues determined by a former judgment. *State ex rel. Lang v. Hodge*, 608 S.W.2d 432, 437 (Mo.App. 1980). In reviewing whether the application of collateral estoppel is appropriate, this court should consider (1) whether the issue decided in the prior adjudication is identical to the issue presented in the present action, (2) whether the prior adjudication resulted in a judgment on the merits, and (3) whether the party against whom collateral estoppel is asserted was a party or privity in the prior adjudication. *Oates v. Safeco Insurance Company of America*, 583 S.W.2d 713, 719 (Mo. banc 1979); and *LaRose v. Casey*, 570 S.W.2d 746, 749 (Mo.App.1978).

Appellant alleges that the issue presented in the DeKalb County Case, i.e. fraud, was not litigated or decided in the Buchanan County Case. Appellant, however, confuses the cause of action with the issues presented therein. The principle of issue preclusion applies with equal force whether the second action is on the same or a different claim. *Mizokami Bros. of Arizona, Inc. v. Mobay Chemical Corp.*, 660 F.2d 712, 715 (8th Cir.1981). *See also Schmitt v. Pierce*, 379 S.W.2d 548, 550 (Mo.1964).

Appellant argues that there was no proof that any issue presented in the DeKalb County Case was either identical to or decided in the Buchanan County Case.

In the Buchanan County Case, appellant alleged in its petition that the Bank promised that it (the Bank) would insure that Carson would pay for merchandise purchased from plaintiff, and that such promise constituted a guaranty. As evidence of the guaranty, appellant attached to its petition the letter from Jim Spiking.

In the DeKalb County Case, appellant alleged in its petition that respondents

promised that the Bank would insure that Carson would pay for merchandise purchased from plaintiff and that such a statement constituted fraud. As evidence of the promise, appellant attached to its petition the letter from Jim Spiking.

A close comparison of the Petition on Account and the Petition for Damages, as shown below, establishes that in each case, appellant alleged that the Spiking letter was evidence of a promise to pay the debt of Carson should Carson be unable to pay.

Petition on Account, paragraph II:

On or about 26 April 1984, defendants Carson sought to purchase merchandise from plaintiff. In order to insure and guarantee that defendants Carson could operate as farmers in the year 1984, defendant bank represented in writing committed itself to provide the funds for defendants. A copy of the letter of defendant bank is attached hereto and made a part hereof by reference.

Petition for Damages, paragraph III:

Defendants, purporting to act with authority as officers of American National Bank, represented to plaintiff that if plaintiff would extend credit to Carson and sell him merchandise in that manner during the farm year 1984, the bank would insure that Carson had the funds and that he (Carson) would pay plaintiff for merchandise so sold to him. Defendant Spiking issued to plaintiff a letter purporting to support its representations, and led plaintiff to believe that such letter would document the oral promises of defendants.

■ In the Buchanan County Case, a judgment for plaintiff would necessitate a finding that the Spiking letter constituted a promise to pay the debt of another, thereby establishing the contract of guaranty. In the DeKalb County Case, a judgment for plaintiff would necessitate a finding that the Spiking letter constituted a promise to pay the debt of another, thereby establishing plaintiff's right to rely upon the promise, for if the letter did not constitute a promise, plaintiff would have no right to rely on the letter. Where an issue, essen-

tial to the judgment, is actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action on a different cause of action where both causes of action arose out of the same subject matter or transaction. *See In re Breuer's Income Tax,* 354 Mo. 578, 190 S.W.2d 248, 250 (1945).

Appellant argues that because there were no findings of fact and conclusions of law entered in the Buchanan County Case, there is no proof that the trial court concluded that the Spiking letter did not constitute a promise to pay the debt of Roger Carson in the event he was not able to pay.

■ Where no findings of fact and conclusions of law had been requested by the parties, or made by the court, all fact issues are deemed found in accordance with the results reached. *Hazlett v. Clark,* 652 S.W.2d 135, 136 (Mo.App.1983); and *Lurtz v. Ehlers,* 608 S.W.2d 147, 148 (Mo.App. 1980). In granting summary judgment in favor of respondents, the trial court is deemed to have found that the letter of Jim Spiking was not a promise to pay the debt of Roger Carson in the event Carson was unable to pay Consumers.

Therefore, this court holds that an element, identical and essential to the judgment in both the Buchanan County Case and the DeKalb County Case, was fully litigated and determined in the prior adjudication, and appellant may not now relitigate it in the present case.

■ Appellant next argues that the prior adjudication did not result in an adjudication on the merits. Appellant correctly recites the proposition that a judgment of non-suit is not a judgment on the merits. The prior adjudication, however, resulted in summary judgment. Summary judgment is a judgment on the merits. *Dragna v. Auto Owner's Mutual Insurance Co.,* 687 S.W.2d 277, 279 (Mo.App.1985). Therefore, the judgment in the Buchanan County Case operated to raise the defense of collateral estoppel and to thus bar further litigation of an issue litigated in the prior adjudication.

Appellant argues that the judgment in the Buchanan County Case could not operate as collateral estoppel because at the time of respondents' Motion to Dismiss the DeKalb County Case, the Buchanan County case was pending appeal and therefore was not a final adjudication on the merits.

When a final judgment is rendered by a trial court, it constitutes a final adjudication on the merits, even though it is appealed, and is therefore res judicata. *Empire Trust Co. v. Hitchcock*, 233 Mo. App. 581, 123 S.W.2d 565, 567 (1939)

The final element of collateral estoppel is that the party against whom the doctrine is asserted was a party to the prior action. Consumers was the plaintiff in both actions, and respondents in the present action may successfully assert the doctrine against Consumers.

The judgment is affirmed.

All concur.